LAND, J.
 

 Plaintiff instituted the present suit on January 29, 1925, to annul a judgment of separation from bed and board, given in her favor on May 26, 1923, in the suit of Mrs. Hattie Willhite Wallace v. J. Howard Wallace, No. 11916 on the docket of the Fourth judicial district court for the parish of Ouachita.
 

 From a judgment rejecting her demand and dismissing the suit, plaintiff has appealed.
 

 The grounds for the annulment of the judgment of separation from bed and board alleged by plaintiff are as follows;
 

 (1) That the suit for separation was filed by an attorney at law, or other person, acting on behalf of petitioner, without her consent or authority.
 

 (2) That the attorney filing the petition for separation had been employed by the husband of plaintiff. ■ - -
 

 (3) That reconciliation had been effected between plaintiff and her husband subsequent to the filing of the petition and prior to the judgment of separation.
 

 (4) That plaintiff had no knowledge of the judgment rendered in her favor May 26,1923, in the suit for separation, until about April 8, 1924.
 

 (5) That the district court of the parish of Ouachita was without jurisdiction to try and determine the separation suit, as the matrimonial domicile was established in the parish of Lincoln at the date of the filing of the suit, and plaintiff and her husband resided there at that time.
 

 On the trial of the case, plaintiff failed to establish any of the grounds of nullity alleged against the judgment in her favor in the separation suit. She is not represented by counsel in this court, and no brief has been submitted in the case in her behalf.
 

 In the suit for separation, personal service was made on the defendant, J. Howard Wallace, in the parish of Ouachita. A default was taken and duly confirmed. At the date of the filing of the separation suit, April 10, 1923, defendant had resided and voted in the
 
 *675
 
 parish of Ouachita since the year 1914. He had never lived in the parish of Lincoln, although he had provided a home there for his family, and occasionally had visited his children in that parish. Defendant and his wife had been estranged for some years prior to the filing of the suit for separation. The district court of the parish of Ouachita was therefore vested with jurisdiction in the case.
 

 Defendant denied on the witness stand that he had employed or paid any attorney to bring the suit for separation. Plaintiff admitted in her testimony that she verified the petition before it was filed, and defendant testified that the petition was carried to his wife, at her own request, by a notary public, to be verified.
 

 We also find in the record a letter of date April 8, 1924, addressed to plaintiff, and signed by the attorney whose name is affixed to the petition in the separation suit. The letter is as follows:
 

 “Mrs. Hattie Wallace, Downsville, La.—Dear Mrs. Wallace: I am inclosing you a copy of the judgment in the matter of Wallace v. Wallace, No. 11916 of the Sixth district court for Ouachita parish. This is in conformity with your request of the 3/31/24.
 

 “The charges are $1.00, which you can remit at your convenience.”
 

 This letter is signed by the attorney of record in the case and unquestionably was written in reply to a letter addressed by plaintiff to the attorney, as is plainly shown by the following statement in the letter: “This is in conformity with your request of the 3/31/24.” Apparently, the attorney of record in the separation suit had been employed by the plaintiff herself.
 

 The daughter of plaintiff testified that her mother and father informed her of the separation proceedings as early as the middle of June, 1923.
 

 In a letter of date Ruston, La., August 9, 1923, written by plaintiff, and addressed to a party in New Orleans, we find the following statement:
 

 “Every one that knows each family knows why we are divorced; some couldn’t believe it until they looked on the record and read it.”
 

 So it is not a fact, as alleged in plaintiff’s petition to annul the judgment of separation, that she had no knowledge of the judgment in her favor until April 8, 1924.
 

 The attitude of plaintiff towards defendant shortly after the filing of the suit for separation is.shown by the following excerpts from a letter of date May 23,1923, written by her to defendant:
 

 “Howard: I never want to see your face again nor hear your voice any more; hope if you ever come where I am any more I will go blind and deaf; now stay away from me is all I want you to do. * * * Now don’t you ever try to come around me any more. I had rather anything on earth would happen than to see you any more.”
 

 Defendant testified that his wife was goaded by jealousy to her conduct towards him. The truth of this testimony is supported by certain statements made by plaintiff contained in her letter of date August 9, 1923, to the party in New Orleans, who was the supposed object of the affections of plaintiff’s husband.
 

 We do not find it necessary to go further into details as to the statements in this letter, as this matter is mentioned only to disclose the motive imputed to plaintiff, the prevention, if possible, of the marriage of her husband to the party in question, through the annulment of the judgment of separation.
 

 The scornful and bitter attitude of plaintiff towards defendant during the separation proceedings, as disclosed by her letter to him of date May 23, 1923, is not consistent with her plea that a reconciliation was effected between the parties before judgment was signed in her favor May 26, 1923. The husband denies any resumption of marital relations in the interim-between the institution of the suit
 
 *677
 
 and the rendition of the judgment, or after-wards. He is corroborated in his testimony, not only by the letter to him from plaintiff, but also by the testimony of his daughter. Defendant visited his children several times at Ruston, in Lincoln parish, during the months of April and May, 1923, but occupied a room at night separate from that of his wife.
 

 At the date of the trial of the present suit in May, 1925, defendant was still living apart from his wife at Columbia, Caldwell parish, and was engaged there in farming.
 

 We find no error in the judgment appealed from by plaintiff.
 

 Judgment affirmed.