(135 So. 608)

### SWITZER v. ELMER.
### No. 31125.

May 25, 1931.

Gerald Netter, of New Orleans, for appellant.

Max M. Schaumburger, of New Orleans, and Ernest M. Conzelmann, of Gretna, for appellee.

LAND, J.

This is a suit for divorce on the ground of adultery, accompanied by a demand for alimony pendente lite at the rate of $150 per month.

The rule to show cause why defendant should not be condemned to pay this alimony was recalled and set aside at plaintiff's costs, on the ground that the lower court had no jurisdiction, on the face of the papers, of the main demand, and therefore was without jurisdiction of the incidental demand for alimony.

From this judgment plaintiff has appealed.

Plaintiff alleges: "That she was married in Gulfport, Mississippi, about the 6th day of August, 1924, to Charles C. Elmer, and immediately returned to New Orleans, and that the matrimonial domicile has been continuously in New Orleans since that time."

It is true that defendant admits this allegation in his answer; but plaintiff also alleges in her petition that defendant, "since their marriage has been guilty of adultery, and is at the present time living in open adultery with a lady in Suburban Acres in the parish of Jefferson," and that "defendant is a resident of the parish of Jefferson, State of Louisiana."

Defendant also admits in his answer that he is a resident of the parish of Jefferson.

On the trial of the rule to show cause, defendant testified that he had resided in Jefferson parish about three years, and had voted there in every election. This testimony was before the trial judge at the time judgment was rendered by him vacating and dismissing plaintiff's rule for alimony.

It is clear from the allegations of the petition and admissions of the answer, as well as from the uncontradicted testimony of defend-

ant, that he had changed his domicile from the parish of Orleans to the parish of Jefferson, prior to the institution of the present suit for divorce.

Defendant's new domicile in the parish of Jefferson became also the domicile of plaintiff, the wife, and she had the right to sue for divorce and alimony in this case at the newly acquired domicile of the husband, although she remained where the matrimonial domicile was first established. Civ. Code, arts. 39 and 120; Laiche v. His Wife, 156 La. 165, 100 So. 292; Wallace v. Wallace, 164 La. 672, 114 So. 589.

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that this case be remanded to the court below, that the rule for alimony be reinstated upon the docket of the court, and be proceeded with in due course and according to law.