BRUNOT, J.
 

 The three transcripts are, in reality, noth'ing more than parts of the suit No. 31125. A .summary of the facts of that suit follow:
 

 The plaintiff and defendant were married in 1924. There was no issue of the marriage. On October 25, 1930, the plaintiff filed the petition in suit No. 31125, against the defendant, for an absolute divorce, and had a rule served upon the defendant to show cause why he should not be condemned to pay the plaintiff .alimony pending the termination of the suit. The prayer of the petition is for judgment on the main demand and on the rule, and for the reservation of the plaintiff’s right to claim permanent alimony. The rule for alimony was heard and recalled, and the relief prayed for by the plaintiff was denied. The plaintiff appealed from the judgment, and, on appeal, this court reversed the judgment and remanded the case with instructions to the trial judge to reinstate the rule for alimony and to proceed with the trial thereof according to law. Switzer v. Elmer, 172 La. 850, 135 So. 608. The instructions of this court were complied with, and, after the introduction, of further testimony thereon, the rule was made absolute, and the plaintiff was awarded alimony at the rate of $40 per month, beginning February 1, 1931. The plaintiff obtained the required order, and perfected an appeal from the judgment. These facts are brought up to this court in transcript No. 31491. Thereafter the defendant petitioned for and was granted a devolutive appeal from the judgment awarding the plaintiff alimony. These proceedings are brought up in transcript No. 31590.
 

 The issues this appeal presents are whether or not the plaintiff is entitled to alimony pendente lite, and, if so, whether or not the sum awarded her in the judgment appealed from is excessive, or in proportion to her needs and to the means of the defendant, and whether or not the alimony should begin on October 30, 1930, the date of judicial demand (transcript No. 31125, page 4), or on the date fixed in the judgment.
 

 The testimony is on the first and second issues only. On both issues it is conflicting. It is copied in transcript No. 31125 on pages 16 to 37, and in transcript No. 31491 on pages 15 to 49. We have read the testimony and have reached the conclusion that a fair preponderance of the evidence shows that although the plaintiff, at the time of the institution of her suit, was not in dire necessity, her small means would soon be exhausted and were not then sufficient to maintain her; that her health was impaired, and that she was unable to secure employment. It is also our conclusion that, owing to business depression, the reduction of salaries, the demands upon the defendant for the support of his first wife and their four minor children and the maintenance of his present abode, the preponderance of the evidence creates a serious doubt as to the defendant’s ability to pay to the plaintiff alimony in excess of $40 per month. On the two issues we have considered our conclusions are in accord with those of the learned trial judge, and fairly apply R. C. C. art. 148, as amended by Act No. 130 of 1928, and R. C. C. art. 231 to the facts of this case, but we are un
 
 *727
 
 able to ascertain, from the transcripts before us, upon what fact or theory the trial judge fixed February 1, 1931, as the date from which the payment of alimony should begin. That is not the date of judicial demand or the date on which the judgment awarding the plaintiff alimony was rendered, and the evidence in the case shows that the plaintiff’s means were not sufficient to care for her needs when her suit was filed. Under this state of facts we are of the opinion that the judgment should have awarded the plaintiff alimony from judicial demand. Our authority for so holding is the case of Carroll V. Carroll, 48 La. Ann. 835, 19 So. 872.
 

 For the reasons stated^ the judgment appealed from should be amended by condemning Charles C. Elmer, the defendant in rule, to pay Addie Switzer, the plaintiff in rule, $40 per month alimony, beginning October 30, 1930, the date of judicial demand, and it is now decreed that said judgment as thus amended be, and it is hereby, affirmed. Inasmuch as both litigants appealed, and the plaintiff has obtained a substantial amendment of the judgment, it is further decreed that the costs of the appeal be paid by the defendant.
 

 ST. PAUL, J., takes no part.