## Richmond

MARGARET HANDY LAWRENCE v. JOHN CREIG LAWRENCE.

June 14, 1971.

Record No. 7478.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*John M. Court; Bolling R. Powell, Jr.*, on brief, for appellant.

*John C. Lawrence, pro se.*

Case submitted on briefs.

I'Anson, J., delivered the opinion of the court.

On February 19, 1968, plaintiff, Margaret Handy Lawrence, filed in the court below a bill of complaint against her husband, John Creig Lawrence, seeking a divorce on the grounds of desertion. The bill alleged that the parties last cohabited in the City of Norfolk, Virginia, on January 20, 1968, and asked that plaintiff be awarded custody of their 17-year-old daughter, alimony and support money, attorneys' fees and court costs.

Being unable to obtain personal service on the defendant in the City of Norfolk, plaintiff filed an affidavit alleging, *inter alia*, that she and her husband were tenants by the entireties of two parcels of residential real property in Norfolk and in Fairfax County, Virginia, and requesting that process issue under the provisions of our "long arm statute." On the basis of this affidavit, process was issued and returned pursuant to Code § 8-81.3. Defendant appeared specially and moved to quash the process, which motion was sustained.

On May 13, 1968, plaintiff obtained personal service of the original bill of complaint on the defendant in Washington, D.C. At the same time defendant was served with a petition for appointment of a sequestrator to control the parties' real property situated in Virginia and notice of a hearing for temporary alimony, custody of the daughter and support money. After a hearing the chancellor granted plaintiff's application for temporary custody of the daughter but denied the motions for alimony and sequestration of the property on the ground that he lacked jurisdiction, since defendant had not made a general appearance.

The cause was then referred to a commissioner in chancery. After receiving the commissioner's report, the chancellor, by his decree dated September 23, 1968, awarded plaintiff a divorce *a mensa et thoro* and custody of the daughter, but continued her renewed request for alimony, support money and sequestration of the real property.

On January 10, 1969, defendant filed a petition for a rehearing of the *a mensa* decree. The chancellor denied the petition but held that it amounted to a general appearance by the defendant.

Plaintiff then pressed her claim for temporary alimony and support money as of the date her bill was filed, for attorneys' fees, and for sequestration of the real property to secure the payment of these

demands. She also asked the chancellor to require defendant to account for and deliver to her certain securities standing in the name of their daughter.

The cause was again referred to a commissioner in chancery. Pursuant to the commissioner's preliminary report, the chancellor awarded plaintiff temporary alimony in the amount of $50 per week, which he later increased to $100 per week.

While the cause was pending before the commissioner, plaintiff filed a motion requesting the chancellor to permit her to amend the prayer of her bill to seek dissolution of the tenancies by the entireties, which was promptly denied.

After a hearing, at which defendant appeared and testified, the commissioner filed his report recommending that plaintiff's divorce *a mensa* be merged into a divorce *a vinculo matrimonii* and that she be granted custody of the daughter. The report also recommended that defendant pay plaintiff $340 per month alimony and $225 per month as support for the daughter, but concluded that the court was without jurisdiction to sequester the real property for the payment of these sums.

Following a July 11, 1969, hearing on the exceptions to the commissioner's report, the chancellor held, in a letter opinion dated August 15, 1969, that the wife was entitled to a divorce *a vinculo matrimonii* and awarded her $300 per month alimony and $200 per month support money, to begin as of July 11, 1969. The opinion affirmed the commissioner's finding that the real property should not be sequestered as security for the payment of alimony and support money. A decree embodying the chancellor's holdings, including a denial of the request that defendant be required to give an accounting of and deliver to plaintiff the securities held by him for their daughter, was entered on October 17, 1969.

Numerous errors and cross-errors have been assigned, but the controlling questions presented are whether the chancellor erred (1) in not ordering the final award of alimony and support money to commence from the date plaintiff filed her suit; (2) in failing to award adequate alimony, support money and attorneys' fees; (3) in not requiring defendant to deliver to her the securities registered in the name of the daughter; (4) in denying plaintiff's motion for a bond as security for the monetary awards in the final decree; and (5) in denying defendant's motion for a rehearing of the *a mensa* decree.

[ ■ ] Plaintiff says the chancellor erred in refusing to make the final

award of alimony effective *nunc pro tunc* the date she filed her bill, which would have reimbursed her for necessary expenses incurred in support of herself and daughter prior to the award of alimony *pendente lite*.

Whether the chancellor can antedate a final award of alimony to the time of the commencement of a suit has not been specifically decided in Virginia. As pointed out by the chancellor in his letter opinion, the case of *Cralle v. Cralle*, 84 Va. 198, 6 S.E. 12 (1887), is not dispositive of the issue here.

It has been held in other jurisdictions that the time permanent alimony shall commence is within the sound discretion of the court and may be made effective as of the date of the commencement of the suit. *Winkel v. Winkel*, 178 Md. 489, 15 A.2d 914, 917 (1940); *Switzer v. Elmer*, 175 La. 724, 144 So. 432 (1932). See 2 Nelson, Divorce and Annulment, § 14.62, at 91 (2d ed. rev. 1961).

We adopt the above rule as the proper one to be followed in Virginia and the chancellor's holding will not be disturbed by us unless there has been a clear abuse of discretion.

In the present case the chancellor "in the exercise of [his] discretion" concluded "that the award should begin as of July 11, 1969," the date on which he announced from the bench the allowance and amount of alimony and support money. The record shows that defendant voluntarily contributed to the maintenance and support of the plaintiff and daughter after the separation of the parties and prior to his general appearance in the case. We cannot say, from the record before us, that the chancellor did not exercise sound judicial discretion in refusing to make the allowance of permanent alimony effective *nunc pro tunc* the date plaintiff filed her bill of complaint.

Plaintiff says that the chancellor erred in not accepting the recommendation of the commissioner as to the amount of permanent alimony and support money.

When a chancellor refers a cause to a commissioner for assistance and relief from certain duties incidental to the progress of a cause he does not delegate to the commissioner his judicial functions. He is not bound by the commissioner's recommendations. It is the chancellor's duty to review the evidence according to the correct principles of law and arrive at his own conclusions. *Green v. Green*, 199 Va. 927, 931, 103 S.E.2d 202, 204 (1958); *Raiford v. Raiford*, 193 Va. 221, 229-30, 68 S.E.2d 888, 893-94 (1952).

The allowance and amount of alimony and support money rests in

the sound discretion of the chancellor and will not be disturbed by us unless there has been a clear abuse of discretion. *Oliver* v. *Oliver*, 202 Va. 268, 272, 117 S.E.2d 59, 62 (1960); *Bundy* v. *Bundy*, 197 Va. 795, 798, 91 S.E.2d 412, 414 (1956). We cannot say from the record before us that the amounts allowed were inadequate or that the chancellor abused his discretion.

The amount of the fee allowed to plaintiff's attorneys was also in the sound discretion of the chancellor. Here the chancellor allowed $200 more than the commissioner recommended, and it does not appear from the record that the amount was inadequate.

The chancellor did not err in refusing to direct defendant to turn over to plaintiff as custodian the securities which were gifts to the daughter. Jurisdiction in divorce suits is purely statutory. *Jackson* v. *Jackson*, 211 Va. 718, 180 S.E.2d 500 (1971). The chancellor had no statutory authority to determine and settle the right of the daughter to securities held by the defendant in this divorce suit.

The refusal of the chancellor to require defendant to give a recognizance for compliance with its decree for the future payment of alimony, under the provisions of Code § 20-114, was not error. The statute provides that "the court in its discretion *may* require the giving of a recognizance, with or without surety * * *." (Italics supplied.) We cannot say that the chancellor abused his discretion.

Defendant's assignment of cross-error that the chancellor erred in not granting him a rehearing of the *a mensa* decree under the provisions of Code § 8-78, relating to the time within which a nonresident may obtain the reopening of a proceeding, is without merit.

The statute is not applicable in the present case. The defendant was fully cognizant of the proceedings and made several special appearances prior to his general appearance. He participated in the proceedings after the cause was referred to the second commissioner, testified as a witness, and was granted exhaustive hearings by both the commissioner and the chancellor before the *a mensa* decree was merged into an *a vinculo* dercee.

For the reasons stated, the decree of the chancellor is

*Affirmed.*