68

## CIRCUIT COURT OF FAIRFAX COUNTY

Dixon

v.

Dixon

December 13, 1988

Case No. (Chancery) 102623

By JUDGE THOMAS A. FORTKORT

Although there are no Virginia cases which specifically address this issue, Rule 2:18 of the Rules of the Virginia Supreme Court, Virginia Code Sections 8.01-607 to 8.01-619, in addition to several Virginia Supreme Court decisions indicate that a commissioner does have the power to impose sanctions pursuant to Rule 4:12(b).[1]

Rule 2:18(b) of the Supreme Court Rules states:

A commissioner may require the production before him of evidence upon all matters embraced in the decree of reference, including the production of all books, papers, vouchers, documents, and

---

[1] Rule 4:12(b) provides the Court with the ability to make such orders that would (A) take certain facts as established; (B) refuse to allow disobedient parties to support or oppose designated claims or defenses or them from introducing designated matters into evidence; (C) strike pleadings or dismiss actions; (D) hold disobedient parties in contempt of court.

For purposes of the case at bar, (B) is at issue (refusal by commissioner to allow the complainant to support her claim of adultery). Though the commissioner allowed the evidence/testimony be given during the hearing, he later disallowed such evidence in making his findings due to the complainant's failure to follow the rules of discovery based on her inadequate answers to the interrogatories.

writings applicable thereto. He shall have the authority to call witnesses or the parties to the action to testify before him and may himself examine them upon oath. *He may rule upon the admissibility of evidence unless otherwise directed by the decree of reference*, but when a party so requests, the commissioner shall cause a record to be made of all proffered evidence which is excluded by the commissioner as inadmissible.

*(See also § 8.01-609).*[2]

Rule 2:18 clearly indicates that the commissioner may decide as a matter of law whether evidence is either admissible or inadmissible. Although Rule 2:18 does not refer to the Rule 4:12(b) sanctions in any way, under 4:12(b) evidence may become *inadmissible* as a matter of law simply because of a party's failure to comply with rules of discovery and hence falls within the language of Rule 2:18.

In addition to the language of Rule 2:18 which expresses the general powers and duties of a commissioner in chancery, the language of several Virginia Supreme Court cases supports the argument that a commissioner may indeed impose any of the Rule 4:12(b) sanctions on parties. In particular, the court in *Raiford v. Raiford*, 193 Va. 221 (1952), stated that although the court does not abdicate its judicial function when a case is referred to a commissioner, the commissioner does in fact act as an "arm of the court" in carrying out a number of judicial functions to expedite the process. The court specifically stated:

> It is impracticable for the chancellor to investigate the matters of fact arising in a cause and to take the testimony to that end; to state and settle the necessary accounts, which are often very complicated; to ascertain and classify

---

[2] Section 8.01-609 "Every commissioner shall examine and report upon any matters as may be referred to him by the court. The proceedings before a commissioner in chancery shall be conducted as set forth in this chapter and the Rules of Court."

the liens upon the property and to perform other functions of a similar nature necessary to the proper adjudication of the matters of law and fact arising in the varied and important litigation, which pertains to its jurisdiction.

Commissioners in chancery are appointed to assist the chancellor and to relieve him in a large measure of these and other duties incidental to the progress and determination of the cause.

*Id.* at 229, *citing, Shipman v. Fletcher*, 91 Va. 473, 476 (1895).[3]

Based on the above language, the imposition of sanctions and, as a consequence, the determination that certain evidence is inadmissible are the type of functions which aid a chancellor in expediting cases. Hence they are functions contemplated by the language in *Raiford*.

In the case at issue, the Commissioner allowed the evidence supporting the adultery claim during the hearing despite the complainant's failure to conform to the rules of discovery. Subsequently, when the Commissioner compiled his report, he made a finding as a matter of law, that such evidence should not be heard. Although we agree that the ordering of sanctions under Rule 4:12(b) is a function which the Commissioner may perform, the procedures of Rule 4:12 were not followed by the Commissioner.

Under Rule 4:12 before the sanctions may be imposed, the court or the Commissioner must have ordered the disobedient party to comply with discovery, and the party must also fail to comply with the order. In the case at bar, the only court order entered was an order compelling production of documents signed by Judge Middleton. Because there has been no order compelling the complainants to answer the interrogatories, the commissioner could not sanction the complainant at that time. The case is remanded to the Commissioner to consider the evidence of adultery and to report thereon to the Court.

---

[3] See also Graves v. Graves, 4 Va. App. 326 (1987); Lawrence v. Lawrence, 212 Va. 44 (1971); vol. 16 Michie's Jurisprudence, "Reference and Commissioners" sect. 4 (4-5) (1987).