## CIRCUIT COURT OF PRINCE GEORGE COUNTY

G. Michael Turman
and Carolyn Cash Turman

v.

Ward's Home Improvement, Inc., et al.

February 13, 1995

Case No. (Chancery) 94-8

BY JUDGE JAMES W. HALEY, JR.

The question here for resolution is whether an assignee of the payee of a negotiable instrument is a holder in due course, and as such immune to defenses that the makers might raise against the payee of the negotiable instrument. For the purposes of this opinion the court assumes *arguendo* that the instrument is in fact negotiable. The court makes no such finding.

The pertinent facts can be concisely stated.

G. Michael Turman and Carolyn May Cash Turman executed a deed of trust note dated February 23, 1993, for $107,500.00 payable to Ward's Home Improvement, Inc. The note was consideration for a contract by which Ward was to construct a home on property owned by Turman, and the note was secured by a deed of trust on that property. On that same date, Ward executed a separate written assignment of the note to Robert L. Pomerantz. This document specifically uses the word "assigns." Ward did not endorse the note to Pomerantz or otherwise write upon the note.[1] Ward apparently received $95,000.00 for the assignment from Pomerantz. Ward failed to complete the house and to do so will require the expenditure of an additional $42,000.00. Pomerantz maintains he is a holder in due course of the $107,500.00 note and has demanded payment.

---

[1] Numbered paragraph 4 of the Turman's Bill of Complaint alleges the note was "assigned" to Pomerantz, and Ward admits that fact in numbered paragraph 2 of his Answer, as does Pomerantz in paragraph 4 of his Answer.

This matter comes before the court upon Turman's exception to the finding of the Commissioner that Pomerantz was a holder in due course immune from defenses Turman might raise against Ward.[2] The principles applicable to this procedural posture are well established.

> A commissioner's report is to be sustained if supported by the evidence. *Jarvis v. Tonkin*, 238 Va. 115, 380 S.E.2d 900, 904 (1989); § 8.01-610. But a chancellor is not bound by the commissioner's recommendation. Rather, "It is the chancellor's duty to review the evidence according to the correct principles of law and arrive at his own conclusions. *Green v. Green*, 199 Va. 927, 931, 103 S.E.2d 202, 204 (1958); *Raiford v. Raiford*, 193 Va. 221, 229-30, 68 S.E.2d 888, 893-94 (1952)." *Lawrence v. Lawrence*, 212 Va. 44, 47, 181 S.E.2d 640, 643 (1971).

Code § 8.3A-201(b) states that "if an instrument is payable to an identified person, negotiation requires . . . its endorsement by the holder." See also *Strickler v. Marx*, 246 Va. 384, 436 S.E.2d 447 (1993).[3] An assignment is not an endorsement. Code § 8.3-204(a). Accordingly such a transfer is not a negotiation. *Becker v. Nat. Bank & Trust Co.*, 222 Va. 716, 720-721, 284 S.E.2d 793, 795 (1981); *Citizens Bank & Trust Co. v. Chase*, 151 Va. 65, 144 S.E.464 (1928). And the transferee is not a holder. *See Strickler, supra*, 246 Va. at 389, 436 S.E.2d at 449; Official Comment 2 to Code § 8.3A-203(b). Contrast *White v. Gilliam*, 244 Va. 113, 115, 419 S.E.2d 247, 248 (1992). There the promissory notes were "signed . . . in blank." Thus, endorsement was not necessary to negotiate the notes and accordingly the assignee of the notes was a holder. Code § 8.3A-201(b).

An assignment does, however, vest "in the transferee any right of the transferor to enforce the instrument . . . ." (under Code § 8.3A-301). Code § 8.3A-203(b). The transferee's rights are derivative of the transferor's. Accordingly, and pursuant to Code § 8.3A-305(a)(2), a maker may assert a defense "that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract." In short, the assignee of a negotiable instrument is subject to defenses the

---

[2] The court does not at this time address other exceptions to the Commissioner's Report.

[3] The court is aware the cases and authorities cited herein predate the amendments to Title 8.3 of the Code, now renumbered Title 8.3A, effective January 1, 1993. For purposes of this opinion, it is the court's view that the principles cited in these authorities are not in conflict with those amendments.

maker can raise against the original payee/assignor. See 10 C.J.S. *Bills and Notes*, §§ 227, 235; 11 Am. Jur. 2d, *Bills and Notes*, §§ 313, 373. And such a defense is failure of consideration. *See Criterion Ins. Co. v. Fulgham*, 219 Va. 294, 247 S.E.2d 404 (1978); *Andrews & Stone v. Fidelity Loan & Trust Co.*, 103 Va. 196, 48 S.E. 884 (1904); *Wallinger v. Kelly*, 136 Va. 547, 117 S.E. 850 (1923); *Baach v. Bank of Pocahontas*, 157 Va. 274, 160 S.E. 68 (1931); Code § 8.3A-303(b) "If an instrument is issued for a promise of performance, the issuer has a defense to the extent performance of the promise is due and the promise has not been performed . . . ."

In light of the foregoing the above noted exception to the Commissioner's Report is sustained and the court holds Pomerantz is not a holder in due course and is subject to the defenses to payment of the $107,500.00 note that Turman could raise against Ward.

This cause is remanded to the Commissioner for such proceedings as he or the parties deem appropriate in consequence of the court's ruling.