COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Judges Coleman and Bray
Argued at Norfolk, Virginia


JAMES EDWARD GERMEK
                                    MEMORANDUM OPINION[*] BY
v.         Record No. 2807-95-1    JUDGE SAM W. COLEMAN III
                                        AUGUST 6, 1996
MARSHA K. GERMEK


                FROM THE CIRCUIT COURT OF GLOUCESTER COUNTY
                     John E. DeHardit, Judge Designate


            Sydney K. L. West (Horne, West & McMurtrie,
            on brief), for appellant.

            Breckenridge Ingles (Martin, Ingles & Ingles,
            Ltd., on brief), for appellee.


        In this domestic relations appeal, James Edward Germek

(husband) contends that the chancellor erred in his final decree

by ordering Germek to pay the monthly premium of $195.93 on a

life insurance policy for the benefit of Germek's minor child.

Germek also contends that the amount of $400 per month in spousal

support awarded in accordance with the provisions of Code

§ 20-107.1 to Marsha K. Germek (wife) was excessive; that the

chancellor erred by failing to equitably distribute all the

marital property, specifically wife's civil service retirement

account; that wife was improperly awarded attorney's fees; and

that wife received a disproportionate share of the marital

property.  For the following reasons, we reverse the chancellor's

_____

        [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

final decree as to the provision requiring husband to maintain the life insurance policy; we affirm the chancellor's decision as to the remaining issues; but we remand the case for further proceedings as to the issues affected by the order to maintain the life insurance policy, specifically child and spousal support.

## LIFE INSURANCE POLICY

In making his opening statement before the Commissioner in Chancery, wife's counsel addressed the life insurance policy at issue and requested that the spousal support award be sufficient to maintain the life insurance policy for the benefit of the parties' disabled daughter.

> Mrs. Germek is very concerned about the life insurance that would be available for the daughter's benefit. There is, apparently, a policy now with USAA. It's a whole life policy in the amount of, it's either $150,000 or $250,000. They are joint owners of that policy. It names the named insured as Mr. Germek, and what we're going to ask the Court to do is to order that Mr. Germek pay to Ms. Germek enough money by way of alimony that she can make the monthly life insurance payment, that she can keep that policy in effect.

At the evidentiary hearing, wife introduced a copy of the USAA policy, and the commissioner acknowledged that he understood that wife was "asking for support, for money to help keep this policy in effect." On cross-examination, wife confirmed that she wanted the life insurance policy to be continued.

The commissioner's report recommended awarding wife spousal

support of $400 per month and child support of $375 per month. However, the commissioner's report did not specifically mention the life insurance policy and did not specify whether the $400 per month spousal support recommendation included an amount for all or a part of the insurance premium, as the wife had requested.

Both parties filed exceptions to the commissioner's report. The husband asserted that the spousal support award was excessive considering the parties' relatively equal earnings. Wife raised six exceptions to the report, but she did not specifically mention the life insurance policy in her objections. However, wife objected "to the award of alimony of $400 as being inadequate under the circumstances of the case," and "to the Commissioner's failure to make a provision for the long term health care needs of [the parties' child]." The parties orally argued their exceptions to the commissioner's report before the chancellor.

In the final decree of divorce, the chancellor overruled wife's objections to the amount of spousal support and to the failure of the commissioner to provide for the minor child's long-term health care needs. The chancellor "approved, ratified and incorporated by reference into [the] Decree" the commissioner's report, and ordered the parties to comply with all terms and conditions of the report as to all issues germane to this appeal. Therefore, the chancellor affirmed the award of

$400 per month in spousal support and $375 per month in child support.  However, the chancellor, without explanation, deviated from the commissioner's report by ordering husband to maintain the USAA life insurance policy.

Husband objected to the inclusion in the final divorce decree of the requirement that he maintain the life insurance policy, and he filed a motion to reconsider the final order.  He asserted that the chancellor had overruled the parties' exceptions, had affirmed the commissioner's report, but then entered a decree containing a provision not included in the commissioner's report and inconsistent with the report.  After hearing argument on the matter, the chancellor denied the motion and declined to vacate the divorce decree or to remand the matter to the commissioner for a determination of whether the $400 spousal support included an allowance for the life insurance premium.

> On appeal, a decree which approves a commissioner's report will be affirmed unless plainly wrong, . . . but where the chancellor has disapproved the commissioner's findings, this Court must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the conclusions of the trial court.

Sprott v. Sprott, 233 Va. 238, 240, 355 S.E.2d 881, 882 (1987) (quoting Hill v. Hill, 227 Va. 569, 577, 318 S.E.2d 292, 296-97 (1984) (citations omitted)).

A major problem that initially confronts us in reviewing the

chancellor's decision is that on this record we cannot exclude the probability that the commissioner's recommendation for an award of $400 per month in spousal support included an amount for the wife to pay all or a portion of the $195.53 per month life insurance premium, as she had requested.  Although Code § 20-108.1(D)(i)[1] authorizes the court, in determining child support, to require a party to maintain a life insurance policy, the wife requested an award and presented evidence on the issue in support of her claim for spousal support.  By affirming the commissioner's report and overruling the parties' exceptions, the chancellor was approving the commissioner's recommended awards for both spousal support and child support, which may have included an allowance for the insurance premium in the spousal support award, but clearly contained no provision as part of

---

[1]  Code § 20-108.1. Determination of child or spousal support.

\* \* \* \* \* \* \*

D.  In any proceeding under this title, Title 16.1 or Title 63.1 on the issue of determining child support, the court shall have the authority to order a party to (i) maintain any existing life insurance policy on the life of either party provided the party so ordered has the right to designate a beneficiary and (ii) designate a child or children of the parties as the beneficiary of all or a portion of such life insurance for so long as the party so ordered has a statutory obligation to pay child support for the child or children.

child support that ordered husband to maintain the insurance policy in accordance with Code § 20-108.1(D)(i).  Moveover, the chancellor's divorce decree is internally inconsistent in that it purports to affirm the commissioner's report in all respects, including the recommendation pertaining to child support, but then contains a provision that exceeds and departs from the commissioner's recommendation for child support, and may well duplicate an allowance that the commissioner included, at wife's request, for spousal support.  Furthermore, the provision was inexplicably inserted in the draft of the final decree prepared and submitted by wife's counsel, even though prior to submission of the decree the chancellor had made no ruling to that effect.

Although the commissioner's report did not mention the life insurance policy, the record is clear that the maintenance of the policy was raised at the hearing before the commissioner and that wife requested an award of spousal support sufficient to continue the policy.  Thus, the logical inferences that flow from the commissioner's report are that the commissioner rejected wife's request to require husband to maintain the policy, or that the commissioner intended that the spousal support award of $400 per month was sufficient for wife to maintain the policy. Nevertheless, despite specifically approving the commissioner's award of spousal and child support, the chancellor implicitly disapproved the commissioner's findings by ordering husband to maintain the policy.

The record offers no explanation for the chancellor's decision to include in the final order the provision requiring husband to continue to maintain the life insurance policy. In fact, based on the chancellor's ruling, he did not intend to include such a provision in the final decree. Even though a court speaks only through its order, the court's order is inconsistent in affirming the commissioner and deviating from the commissioner. Although there is no transcript of the hearing before the chancellor on the parties' exceptions to the commissioner's report, husband asserted in his motion to reconsider "[t]hat the [chancellor's] inclination at the hearing was to refer the matter [of the life insurance policy] back to the [commissioner] for clarification." Moreover, at oral argument before this Court, wife's counsel conceded that the chancellor instructed him at the hearing to draft a decree confirming the commissioner's report and the chancellor did not specifically direct that the decree include a provision requiring husband to maintain the life insurance policy.

Code § 8.01-610 addresses the weight to be given to the commissioner's report by the chancellor:

> The report of a commissioner in chancery shall not have the weight given to the verdict of a jury on conflicting evidence, <u>but the court shall confirm or reject such report in whole or in part, according to the view which it entertains of the law and the evidence</u>.

<u>Id.</u> (emphasis added). In <u>Gulfstream Bldg. Assocs., Inc. v.</u>

- 7 -

<u>Britt</u>, 239 Va. 178, 387 S.E.2d 488 (1990), the Supreme Court held that Code § 8.01-610 "clearly gives the [chancellor] substantial discretion in the manner in which it reviews the report of a commissioner." <u>Id.</u> at 185, 387 S.E.2d at 492. However, the Court further held in <u>Britt</u> that the chancellor could not decline to confirm or reject the commissioner's findings on a particular issue because "[t]his course of action is not recognized by Code § 8.01-610." <u>Id.</u> Similarly, we hold that the chancellor does not have the authority under Code § 8.01-610 to <u>both confirm and reject</u> the commissioner's findings on a particular issue.

It is well-established that the chancellor does not delegate his judicial function to the commissioner and is not bound by the commissioner's report. <u>Raiford v. Raiford</u>, 193 Va. 221, 229, 68 S.E.2d 888, 893 (1952); <u>Lawrence v. Lawrence</u>, 212 Va. 44, 47, 181 S.E.2d 640, 643 (1971); <u>Haase v. Haase</u>, 20 Va. App. 671, 679, 460 S.E.2d 585, 588 (1995). Furthermore, we do not suggest that the chancellor is required to make detailed findings in support of his decision to reject the commissioner's report. See <u>Britt</u>, 239 Va. at 183, 387 S.E.2d at 492 (holding that "[t]he report, or portions of it, can be disposed of with very general language"). Nevertheless, the trial court must indicate clearly its approval or disapproval of the commissioner's report and its reasons for doing so because, on appeal, we "must review the evidence and ascertain whether, under a correct application of the law, the evidence supports the findings of the commissioner or the

conclusions of the trial court." Sprott, 233 Va. at 240, 355 S.E.2d at 882 (quoting Hill, 227 Va. at 577, 318 S.E.2d at 296-97 (citations omitted)). Absent a clear indication of the chancellor's approval or disapproval of the commissioner's findings, we cannot accurately determine the factual and legal basis for the chancellor's decision or, for that matter, the commissioner's recommendation on the issue of the life insurance policy, as it may have been included in the spousal support recommendation.

Here, the divorce decree was erroneous on its face because the chancellor both confirmed the recommendations for spousal and child support, but then implicitly rejected the commissioner's child support recommendation by adding the requirement that husband maintain the life insurance policy. Accordingly, we vacate the decree and remand the case for further proceedings. On remand, the chancellor may conduct additional hearings, or remand the matter to the commissioner for clarification of the commissioner's findings.[2]

SPOUSAL SUPPORT, EQUITABLE DISTRIBUTION, AND ATTORNEY'S FEES

> Code § 8.01-615 provides, in pertinent part, that
>> [e]xceptions to the Commissioner's Report
>> shall be filed within 10 days after the

_____

[2] To the extent that the commissioner may have considered the life insurance premium in recommending the amount of spousal support, as wife requested, the recommendation is erroneous. The sole authority for such an award is as child support for the benefit of the parties' dependant children under Code § 20-108.1(D)(i) which, unlike spousal support, would continue unaffected by the spouse's death or remarriage.

> report has been filed with the court, or for
> good cause shown, at a later time specified
> by the court.

Id. Here, the commissioner's report was filed with the trial court on June 7, 1995. Husband filed exceptions to the report challenging the amount of the spousal support award, the classification and equitable distribution of the marital property, and the amount of attorney's fees awarded wife. However, husband filed his exceptions to the report on June 23, 1995, sixteen days after the report was filed with the trial court, and the record contains no explanation for husband's failure to file his exceptions within ten days of the date the report was filed. Therefore, we hold that the chancellor did not abuse his discretion by holding that husband's exceptions to the commissioner's report were not timely filed.

For the foregoing reasons, we reverse the chancellor's order in part, affirm it in part, and remand the case for further proceedings consistent with this opinion.

Affirmed in part,
reversed in part,
and remanded.
