**CIRCUIT COURT OF THE CITY OF NORFOLK**

Charles J. Bishop

v.

Jean Marie Bishop

September 9, 2004

Case No. (Chancery) 01-1706

BY JUDGE JOSEPH A. LEAFE

This matter is before the Court on Plaintiff Charles Bishop's exceptions to the April 6, 2004, report of Calvin H. Childress, Commissioner in Chancery. The Bishops were married in Belmont, North Carolina, on June 26, 1982. Two children were born of the marriage, Joshua Bishop and Matthew Bishop, a minor. The Court has proper jurisdiction to grant a divorce and the venue is proper. Plaintiff excepts to the Commissioner's Report on numerous grounds.

In evaluating exceptions to the report of a Commissioner who has heard evidence ore tenus, "due regard [must be given] to the commissioner's ability ... to see, hear, and evaluate the witness first hand." *Hill v. Hill*, 227 Va. 569, 577, 318 S.E.2d 292, 297 (1984). As the Supreme Court of Virginia stated, "While the report of a commissioner in chancery does not carry the weight of a jury's verdict ... it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence." *Hill v. Hill*, 227 Va. 569, 576-77, 318 S.E.2d 292, 296 (1984). This rule applies with

particular force to findings of fact based upon evidence taken at the hearing, but is inapplicable to pure conclusions of law. *Id.* at 577. A decree confirming a commissioner's report is "presumed to be correct" unless it is not "reasonably supported by substantial, competent, and credible evidence." *Brawand v. Brawand,* 1 Va. App. 305, 308, 338 S.E.2d 651, 652 (1986).

Generally, Plaintiff excepts to the Commissioner's recommendations regarding the grounds for granting the divorce, the award of spousal support to Defendant, visitation of the minor child, the award of child support, and the assessing of attorney's fees and court costs against Plaintiff.

## Grounds for Divorce

The Court affirms the Commissioner's decision regarding the grounds for divorce. A divorce *a vinculo matrimonii* may be decreed on the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year. Va. Code Ann. § 20-91(9)(a). When a separation of husband and wife is by agreement or where the husband assents to, or acquiesces in, the wife's separation from him, he cannot maintain a suit for divorce on the ground of desertion. A separation by mutual consent does not amount to desertion or abandonment under the law. *Wagner v. Wagner,* 4 Va. App. 397, 409, 358 S.E.2d 407, 413 (1987) (citing *Arrington v. Arrington,* 196 Va. 86, 82 S.E.2d 548 (1954)).

Desertion is defined as a breach of matrimonial duty and consists of, first, the actual breaking off of the marital cohabitation and, second, an intent to desert in the mind of the offender. *Nash v. Nash,* 200 Va. 890, 893, 108 S.E.2d 350, 352 (1958). Proof by a preponderance of evidence of an actual breaking off of marital cohabitation, combined with the intent to desert in the mind of the offender, entitles the innocent party to a divorce. *Zinkhan v. Zinkhan,* 2 Va. App. 200, 205, 342 S.E.2d 658, 660 (1986) (citing *Nash v. Nash,* 200 Va. 890, 893, 108 S.E.2d 350, 352 (1958)).

Where a party breaking off cohabitation establishes that such conduct was legally justified, that party is not guilty of desertion. *Breschel v. Breschel,* 221 Va. 208, 211-12, 269 S.E.2d 363, 365-66 (1980) (citing *Carter v. Carter,* 199 Va. 79, 84, 97 S.E.2d 663, 667 (1957), and *Graham v. Graham,* 210 Va. 608, 616, 172 S.E.2d 724, 730 (1970)). The Supreme Court of Virginia found that a wife was justified in leaving her marriage because she had noticed a significant deterioration in her physical condition that she attributed to her inability to take care of the house and her inability to cope with her husband's young son. *Breschel v. Breschel,* 221 Va. 208, 210-11, 269 S.E.2d 363, 364-65 (1980).

Where multiple divorce grounds exist, the trial court may use its "sound discretion to select the grounds upon which it will grant the divorce." *Alphin v. Alphin*, 15 Va. App. 395, 400, 424 S.E.2d 572, 574 (1992) (quoting *Lassen v. Lassen*, 8 Va. App. 502, 505, 383 S.E.2d 471, 473 (1989)).

Evidence was presented and corroborated that the parties had been living separate and apart without cohabitation since July 2, 2001.

Plaintiff did not agree to his wife's leaving, but he understood that she was leaving. (Transcript pp. 69, 78-79.) In addition, Plaintiff alleged that Defendant's homosexual attractions to other women had contributed to her decision to desert her marriage. Testimony was presented by Defendant that her homosexual attractions had remained only on the level of fantasy and had not been acted upon.

Louise Freidman, a licensed clinical social worker, noted that Defendant "literally got to the point where she felt she could not continue and protect her own mental, emotional well-being, that her sense of herself and her ability to deal with the continuing hostilities from her husband fatigued her and undermined her ability to deal with the rest of her obligations." (Transcript p. 25.) Ms. Freidman further testified regarding the Defendant's depression. (Transcript p. 25.)

Based on the evidence presented, the Commissioner had a reasonable basis for granting the divorce on the no-fault ground of living separate and apart for a period of one year. Therefore, the Plaintiff's objection to the Commissioner's recommendation to grant the divorce on the basis of living separate and apart is overruled.

## Spousal Support

The Commissioner recommended that Plaintiff pay Defendant $400.00 per month as spousal support. Defendant excepts to this recommendation for spousal support on the basis that the Commissioner did not sufficiently address the statutory factors in Virginia Code § 20-107.1 in making his determination.

The courts of Virginia are empowered to assess spousal support awards in order to do equity between the parties and to protect society's interest in the marital relationship. In determining an award of spousal support, the trial court has broad discretion. However, the court must follow the guidelines set out in Virginia Code § 20-107.1 and failure to do so is reversible error. *Ray v. Ray*, 4 Va. App. 509, 514, 358 S.E.2d 754, 757 (1987). The court, as a threshold matter, must first determine whether spousal support is barred due to the grounds for divorce and, secondly, consider the factors of the statute as to how

much, if any, spousal support should be granted. *Dukelow v. Dukelow*, 2 Va. App. 21, 26, 341 S.E.2d 208, 210 (1985).

Virginia Code § 20-107.1 sets out the thirteen factors for courts to consider in ordering a spousal support award. While the court must consider all of the factors, this does not mean that the court must elaborate as to exactly what weight and consideration was given to each factor. *Joynes v. Payne*, 36 Va. App. 401, 420, 551 S.E.2d 10, 19 (2001) (citing *Woolley v. Woolley*, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). It does mean, however, that the court's findings must have some foundation based upon the evidence presented. *Id.* When the court does not quantify or elaborate on what weight or consideration it has given each factor, the record must be examined to determine if the award is supported by the evidence. *Gibson v. Gibson*, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1998) (citing *Woolley v. Woolley*, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

Where the chancellor has given due consideration to each of these factors, as shown by the evidence, his determination as to spousal support will not be disturbed except for a clear abuse of discretion. *Thomasson v. Thomasson*, 225 Va. 394, 398, 302 S.E.2d 63, 66 (1983).

The Commissioner determined that the divorce should be granted on a no fault basis, thus spousal support may be granted. The Commissioner stated in his report that he considered the statutory factors discussed by counsel for each party in their briefs to the Commissioner. The Commissioner also stated that he considered testimony from the transcript. Based on all of this information, the Commissioner recommended that the Plaintiff pay to Defendant $400.00 per month as spousal support.

The Commissioner's Report specifically addressed several of the statutory factors under Code § 20-107.1. When discussing the grounds for the divorce, the Commissioner considered the property interests of the parties. The Commissioner noted that Mr. Bishop had inherited a house worth $119,000.00 with no mortgage on the house. The Commissioner considered that after the separation, Mrs. Bishop took nothing from the house except her mother's desk. The Commissioner also noted that, during the marriage, no assets were accumulated other than the furniture purchased at the date of the marriage. Also when discussing grounds for the divorce, the Commissioner discussed the education and training of the parties. The Commissioner noted that Mr. Bishop had obtained a Master's Degree and had pursued a Ph. D. for seven years that he had not completed. (Report p. 6.) In addition, the Commissioner considered the physical and mental conditions of the parties. The Commissioner specifically recognized Mrs. Bishop's depression. (Report p. 2.)

The Commissioner could have been more direct in his analysis of the statutory factors. While not addressing all of the factors in the report, it is clear

from the substance of the report that the Commissioner has considered all of the necessary factors in reaching his spousal support determination.

This Court finds the Commissioner's determination to be supported by the record. Therefore, Plaintiff's objection to the Commissioner's decision to grant $400.00 of spousal support per month is overruled.

## Visitation and Best Interest of the Child

The Commissioner recommended that Defendant be awarded visitation with the minor child from Friday after school until Monday morning before school, every other week, and that she be awarded half of the holidays including one-half of the summer month holidays. Plaintiff excepts to this recommendation on the basis that the statutory factors under Virginia Code § 20-124.3 were not sufficiently considered.

Virginia Code § 20-107.2 grants courts in divorce cases the power to decree as to child custody. In awarding such custody, the welfare of the child is the paramount concern. *See Clark v. Clark*, 209 Va. 390, 164 S.E.2d 685 (1968). Virginia law does not allow for any presumption or inference of law in favor of either parent. Va. Code Ann. § 20-124.2(B).

Virginia Code § 20-124.3 sets out the ten factors courts must consider in determining the best interests of the child for the purpose of determining custody. A Commissioner may not simply say that he has considered all of the factors without giving a basis for his decision. *Kane v. Szymczak*, 41 Va. App. 365, 373, 585 S.E.2d 349, 353 (2003). The basis of the decision must be communicated to the parties either orally or in writing. Va. Code Ann. § 20-124.3. Failure to consider all of the statutory factors is reversible error. *Piatt v. Piatt*, 27 Va. App. 426, 434, 499 S.E.2d 567, 571 (1998). A trial court does not, however, need to quantify or elaborate exactly what weight it has given to each of the statutory factors. *Joynes v. Payne*, 36 Va. App. 401, 416, 551 S.E.2d 10, 17 (2001).

In applying these factors, the trial court has wide discretion and its determination of custody will be sustained on appeal unless plainly wrong or without evidence to support it. *Simmons v. Simmons*, 1 Va. App. 358, 362, 339 S.E.2d 198, 200 (1986); *D'Auria v. D'Auria*, 1 Va. App. 455, 461, 340 S.E.2d 164, 168 (1986).

In his report, the Commissioner discussed the issue of child visitation by the Defendant without mentioning Virginia Code § 20-124.3 or the statutory factors included in the Code Section. Nevertheless, the Commissioner addressed factors to be considered and provided an adequate basis for his decision concerning what was in the best interest of the child. For example, the Commissioner discussed the minor child's ADHD and considered the fact

that the child needed a great deal of consistency and stability during the school months. The Commissioner considered the child's behavioral problems. (Report p. 9.) The Commissioner noted that the minor child did not like Defendant's apartment and enjoyed the current comforts of living in Plaintiff's home. (Report p. 9-10.) In noting that visitation with the minor child had been difficult, the Commissioner seemingly considered the ability of each parent to cooperate and resolve disputes regarding the child. (Report p. 9.) The Commissioner also considered the roles of both parents in raising the child, noting that the father was the disciplinarian and the mother helped the child with homework, coached sports teams, and picked the child up from school. (Report p. 10.)

Plaintiff argues that the Commissioner did not give sufficient weight to the desires of the teenage child regarding visitation with his mother. Out of consideration for the child, neither parent called the child to testify. Nevertheless, the child's views were represented by his parents. For example, Defendant testified that the child viewed her apartment as "ghetto." (Transcript p. 189.) The Commissioner found Defendant's apartment to be adequate for visitation of the teenage child. Thus, in making his decision, the Commissioner considered the wishes of the teenage child and then rejected those wishes, finding it in the best interest of the child to spend time with his mother.

While the Commissioner could have been more direct in addressing the statutory factors under Virginia Code § 20-124.3, it is clear from the substance of the report that the Commissioner has reviewed the statutory factors and provided a basis for his decision. In its review of the Commissioner's Report, this Court has independently considered each of the statutory factors and determined that each factor is supported in the record. Therefore, Plaintiff's exception to the Commissioner's decision regarding Defendant's visitation with the minor child is overruled.

## Child Support

The Commissioner recommended that Defendant owes Plaintiff $148.43 per month in child support. Plaintiff excepts to this recommendation of the Commissioner on the basis that Defendant's income was improperly calculated and that the amount of visitation granted to Defendant should be reduced to less than ninety days of visitation per year so that the shared custody guidelines would not apply.

The transcript indicates that there was some disagreement as to how Defendant's income should be calculated. The disagreement concerned holiday and overtime pay as to whether Defendant earned $31,000 per year or

$36,000 per year. (Transcript pp. 242-44, 266-81.) Based on the evidence heard, the Commissioner recommended that the yearly income of Defendant should be computed as $31,670.68. This recommendation is based upon Defendant's being paid $1,192.31 for twenty-six pay periods and a one-time overtime payment for $670.68. The Commissioner's determination regarding Defendant's income was reasonable based on the facts presented and appropriately decided by the Commissioner.

In addition, this Court has accepted the Commissioner's recommendation regarding Defendant's visitation with the minor child for 109 days during the year. Thus, it was appropriate for the Commissioner to calculate child support based on the shared custody guidelines instead of the sole custody guidelines. Va. Code Ann. § 20-108.2(G)(3) (applying shared custody guidelines when a party has visitation or custody for more than ninety days during the year).

By applying the shared custody support guidelines, the Commissioner determined that Defendant owed Plaintiff $148.43 per month as child support. The Court finds this to be appropriate. Thus, Plaintiff's objection to the Commissioner's decision regarding child support is overruled.

### Costs and Attorney's Fees

The Commissioner awarded Defendant attorney's fees in the sum of $2,500.00, and recommended that Plaintiff be assessed the court costs. Plaintiff objects to the Commissioner's award of attorney's fees and assessment of court costs.

Virginia Code § 20-103 expressly authorizes the trial court to make any order that may be proper to compel a spouse to pay such sums as may be necessary for the maintenance of the other spouse and to enable him or her to prosecute or defend the suit. Costs may be awarded to either party in a divorce suit, as equity and justice may require. Va. Code Ann. § 20-99(5); *Wright v. Wright,* 164 Va. 245, 257, 178 S.E. 884, 889 (1934). In addition, the awarding of attorney's fees has been held to be a matter within the sound discretion of the trial court after considering the circumstances and equities of the entire case. *Lawrence v. Lawrence,* 212 Va. 44, 181 S.E.2d 640 (1971). The key to a proper award of counsel's fees is reasonableness under all of the circumstances revealed by the record. *Ellington v. Ellington,* 8 Va. App. 48, 58, 378 S.E.2d 626, 632 (1989).

The fees recommended by the Commissioner are reasonable and supported by the evidence. This Court affirms the recommendation.