## 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

### HARPER v. VAUGHAN.

#### February 5th, 1891.

1. APPELLATE JURISDICTION—*Interlocutory decrees.*—Appeal lies from inter-
   locutory decree adjudicating the principles of the case, but the final
   decree may be awaited and the appeal is in time.
2. WILLS—*Construction—Charges on land—Case at bar.*—Testator charged on
   land devised to one son a sum of money to another: *held,* debt so
   charged is paramount to any claim of the heirs and widow of devisee
   to the land, who must pay it proportionally.
3. IDEM—*How charge payable.*—Amount payable by widow is the present
   worth of the annual interest on one-third of the debt (at compound
   interest), for the probable period of her life, ascertained from the
   tables of mortality. *Wilson* v. *Davisson,* 2 Rob., 384.

Appeal from decree of circuit court of Amelia county, ren-
dered March 18th, 1889, in the suit of "*Vaughan's Trustee* v.
*Vaughan's Administrator.*" Decree being adverse to C. H. Har-
per and E. M. Noble, the husbands of Amanda R. Vaughan
and Emma O. Vaughan, respectively, defendants, they ap-
pealed. Opinion states the case.

*Geo. J. Hundley* and *W. W. Henry,* for the appellants.

*Meade Haskins, Willis B. Smith* and *T. M. Miller,* for the
appellees.

LACY, J., delivered the opinion of the court.

In 1859, the bill was filed by one Egbert G. Vaughan, as trustee for one Edwin A. Vaughan, against Sarah E. Vaughan, the widow and executrix of James O. Vaughan, deceased, who is now the appellee, Sarah E. Flippin, the wife of the appellee, E. T. Flippin, seeking to charge the lands of her testator and deceased husband, James O. Vaughan, with a legacy of $1,500, bequeathed in trust to the said James O. Vaughan, for the benefit of the said Edwin A. Vaughan, in the will of his father, Milton Vaughan, deceased, who died in 1847, the profits and issues thereof to be applied to the maintenance of the said Edwin A. Vaughan during his life; at his death the same to be divided among his children, &c.

In the progress of the suit the rights of Edwin A. Vaughan were adjudicated, and are not in controversy here. But the said Edwin A. Vaughan being dead, the claim is now prosecuted by his children for the *corpus* of the said trust fund.

Commissioners appointed to divide the lands of James O. Vaughan between his said widow and their children, divided the land, giving the widow two hundred and fifty acres of the six hundred and three acres devised to James O. Vaughan by the will of his said father, Milton Vaughan, deceased, and allotted the residue to the children of James O. Vaughan— Amanda R., who had married the appellant, C. H. Harper; Emma O. Vaughan, who had married the appellant, E. M. Noble; but the said commissioners, who were appointed by the county court of Amelia, never made any report of their alleged action, which was, therefore, never confirmed by the said court, and no dower, therefore, actually assigned ; but the cause has proceeded as if such were the case, and a commissioner's report in the cause so alleging was confirmed by the court.

And on the 13th of September, 1880, a decree was rendered in the cause, by which it was held that all the land of the said James O. Vaughan, derived under the will of Milton Vaughan, was chargeable with the claim of the children of Edwin A.

Vaughan, but that the portion assigned to the children of James O. Vaughan was first liable for the debt, and the portion of the land allotted to the widow liable only if the other land should prove insufficient to satisfy the claim in question; and decreed that unless the said children of James O. Vaughan and their husbands should pay the sum of $1,642.44 to the parties named (the children of Edwin A. Vaughan), within sixty days, that the said lands should be sold by a named commissioner, who should sell the said land on terms then designated; and leave was reserved to the petitioners (the children of Edwin A. Vaughan, who had so appeared,) to sell the land of the said Sarah E. Flippin to satisfy any deficiency.

In 1881, there was a petition by Harper and wife and Noble and wife to re-hear this decree as erroneous. Nothing seems to have been done with this petition, but the said special commissioner, appointed to sell the land ordered to be sold, as stated above, reported a sale of the same to Harper and wife and Noble and wife, and that they had not complied with the terms of sale in any degree; and forthwith, without regarding the petition for re-hearing, and without a rule to show cause, a re-sale was ordered of the said land, at the risk and cost of the said purchasers, unless they complied within thirty days. The first sale reported was for $1,781.44; the second sale was to the same parties at $706, and no compliance reported.

Again, in 1882, there was another attempt at a sale, and there was no bidder, but the commissioner reported an offer by E. M. Noble to take the land at $706 and comply, and recommended that this be accepted. The court decreed that this be confirmed, and that, unless these terms were complied with, there should be still another sale, and if the proceeds should be insufficient, that then the said commissioner should sell the part assigned to the widow as dower. A sale of the dower land was reported at $1,502, which was not confirmed, and was afterwards set aside, and Flippin and wife summoned

to show cause why the decree of 1880, confirming commissioner's report, reporting assignment of dower to the widow, should not be set aside, and summoned the appellants, Harper and wife and Noble and wife, to show cause why they should not be required to pay the difference between the amount of the first sale and the second sale  The appellants appeared and denied that they had ever purchased, or authorized any other person to purchase for them, at their first supposed purchase, and adduced their proofs to sustain their defence.

Upon consideration of the cause as it now appeared (if anything can be said to appear when so much confusion prevails), the circuit court rendered the decree complained of at the March term, 1889, and held that, "the court being of opinion that the said C. H. Harper and E. M. Noble, but not their wives, are bound by their purchase of the 353 acres of land sold by Commissioners Dance and Weisiger on the 23d of February, 1881, under the decree of the September term, 1880, &c., doth refuse to set aside decree of March term, 1881, so far as it binds the said C. H. Harper and E. M. Noble as purchasers, doth set aside the said decree so far as it binds their said wives," and made a decree against the said purchasers for $1,178.22, with interest on $1,075.44, part thereof, from August 25th, 1888, until paid, that being an amount sufficient to pay the said debt, but not as much as the difference between the first and second sales.

From this decree the appellants, C. H. Harper and E. M. Noble, applied for and obtained an appeal to this court.

The decree complained of is plainly erroneous. But as to the interlocutory decrees, settling the principles of the cause, while the parties aggrieved thereby might have appealed therefrom, they were not obliged to do so, but were entitled to await, as they have done, the final decree, and the appeal is taken in time. The errors are to be found in the first decree we have considered, of September, 1880. The debt sought to be enforced against the lands of James O. Vaughan *was* supe-

rior to any claim that could be set up by the heirs of James O. Vaughan, as such, to said land. But this is not less true of any claim the widow could have for dower in the said land. And there is no principle by which the lands devised to the heirs should be first subjected, and the dower lands exempted, except as to any deficiency unpaid by the sale of the lands in the hands of the heirs. The lands were all bound, not in different degrees and successively, but all equally and all primarily—the lands in the hands of the heirs to the extent of their value, if necessary to pay their due proportion, and the lands of the widow, in like manner, for their due proportion, and before any dower rights attached. When land is subject to a lien paramount to the wife's right of dower, the widow is not entitled to dower before satisfaction of the lien, but in the surplus, if any. Code of Virginia, sec. 2269. The wife's right of dower is postponed to such lien or prior incumbrance. If the annual interest is to be paid, then the widow is to pay one-third of the annual interest, as she has one-third of the land. If the principal is to be paid, as in this case, the widow is not required to pay one-third of the principal, because she does not hold one-third of the land in fee, but only for life, and the amount which she is to pay is based upon her life interest, and the heirs are to pay the residue, because they receive not only the two-thirds in fee, but the remainder of the one-third at the death of the wife—that is, they receive the whole after the one-third for the life of the widow has been taken out. The amount which the widow is to pay, as her contribution to the principal, is such a sum as would equal the aggregate of her payments of annual interest (if she were to pay it during her life), reduced to cash, calculating at compound interest. The computation is made by taking from the tables of mortality her probable duration of life, and, having thus ascertained approximately for how many years she would continue to pay the annual interest, the present cash value, at compound interest, of each payment to be esti-

mated, and the aggregate is the amount the widow must contribute. *Wilson* v. *Davisson*, 2 Rob., 384; Am. Alm., 1835, p. 84; 1 Lom. Dig., 126, 51; 4 Sim., 182 (*Earl of Portman* v. *Taylor*); *Pugh* v. *Russell*, 27 Gratt., 801, and cited cases.

The decree complained of, being plainly erroneous in its failure to correct former decrees, as well as in its provisions for further action, the same will be set aside and annulled, and the cause remanded to the said circuit court, to proceed first to assign dower to the widow, then to apportion the debt due on the lands of James O. Vaughan between the shares respectively allotted to the heirs and to the widow, with interest. And when the just share which each is to pay is thus ascertained, each party to be credited with all payments actually made, against which are to be debited a proper charge for use and occupation.

DECREE REVERSED.