## Richmond

### BETTY L. YOUNG v. ANTONY A. G. YOUNG.

August 28, 1974.

Record No. 730793.

Present, I'Anson, Carrico, Harrison, Cochran, Harman and Poff, JJ.

*Wm. Rosenberger, Jr.,* for appellant.

*Edward S. Graves (Edmunds, Williams, Robertson, Sackett, Baldwin & Graves,* on brief), for appellee.

Per Curiam.

This is the second appeal arising from divorce litigation which began some seven years ago.

In 1972, from a decree granting Mr. Young a no-fault divorce under Code § 20-91(9) (Cum. Supp. 1973) and denying Mrs. Young alimony, we granted Mrs. Young an appeal. In our opinion rendered April 24, 1972, we set aside that part of the decree denying alimony, held that Mrs. Young was entitled to alimony, and remanded the cause with instructions "to determine the amount of alimony to be awarded the wife, based on her need and the husband's ability to pay." *Young* v. *Young,* 212 Va. 761, 762, 188 S.E.2d 200, 201 (1972).

By letter opinion dated March 5, 1973 and final decree entered May 18, 1973, the chancellor granted Mrs. Young alimony "beginning March 15, 1973", modified the terms of the custody decree, and awarded Mrs. Young counsel fees. Asserting abuse

of discretion by the chancellor, Mrs. Young assigns error to each part of the decree, and Mr. Young assigns cross-error to the granting of any alimony.

Upon careful review of the record and decree, we find error only in the alimony commencement date fixed by the chancellor's decree.

Following the April 24, 1972 remand, Mrs. Young argued before the chancellor that she was entitled to alimony retroactive to the date of the commencement of the suit in 1967. In his letter opinion, the chancellor rejected her argument and in his final decree awarded alimony retroactive to March 15, 1973.

We have adopted the rule "that the time permanent alimony shall commence is within the sound discretion of the court and *may* be made effective as of the date of the commencement of the suit." *Lawrence* v. *Lawrence*, 212 Va. 44, 47, 181 S.E.2d 640, 642 (1971) (Emphasis supplied). In rejecting Mrs. Young's argument, the chancellor assigned definitive grounds. We cannot say that his refusal to make the alimony award effective as of the date of the commencement of the suit was an abuse of discretion.

However, our opinion of April 24, 1972 foreclosed the exercise of the chancellor's discretion to fix a commencement date later than the date of our mandate. Accordingly, we hold that the award of alimony granted Mrs. Young by the decree of May 18, 1973 is effective beginning April 24, 1972, with interest from that date. Final decree for the same will be entered here, and counsel fees for services rendered on this appeal will be awarded Mrs. Young as part of the costs. Except as modified, the decree will be affirmed.

*Affirmed in part, modified in part, and final decree.*