## CIRCUIT COURT OF APPOMATTOX COUNTY

Merlie F. Reynolds

v.

Cecil A. Reynolds

Case No. 3012

By JUDGE JAMES E. KULP

April 15, 1988

Upon a review of the records, the Court is of the opinion that the defendant has not made a full and clear disclosure of his income from his side business. *Cf. Hammers v. Hammers*, 216 Va. 30 (1975). At the hearing on July 2, 1987, defendant testified he averaged $75.00 per month from his side business. This estimate had increased to $125.00 per month at the hearing conducted on February 16, 1988. Plaintiff's exhibits would show that defendant's income from his side business is substantially greater than his estimate of $125.00 per month. In view of the absence of sufficient information concerning defendant's income for the Court to make an appropriate decision in this matter, the Court will order that a complete audit be made of defendant's side business by a certified public accountant. The costs of this audit to be borne fully by the defendant.

The Court requests the parties to agree upon a certified public accountant, but absent agreement, the Court will appoint one.

The Court would encourage the parties to make another attempt at settlement of the remaining issue in this case in order to avoid additional expense.

July 5, 1988

This matter is before the Court for the entry of a Final Decree of divorce and determining the amount of spousal support pursuant to § 20-107.1 of the Code of Virginia and attorney's fees. The parties have previously made a division of the marital property.

There is no disagreement between the parties that Mrs. Reynolds is entitled to spousal support, the controversy being over the amount. The real issue in this case involves the income Mr. Reynolds derives from a part-time business. As the Court observed in its letter of April 15, 1988, the Court is of the opinion that Mr. Reynolds has not made a full disclosure of his income from his side business. The Court ordered a complete audit of Mr. Reynolds' part-time business, and requested the parties to agree upon a certified public accountant for this purpose. On June 6, 1988, the Court had a conference with counsel by telephone at which time it was agreed that an audit would probably not reveal any more information than is presently before the Court. This is due primarily to the sparse records that Mr. Reynolds has available. For this reason, as well as the expense of an audit, both parties agreed that the Court should decide the issues based upon the present state of the evidence.

As previously indicated, the crux of the problem is determining the amount of income Mr. Reynolds derives from his part-time business. At the hearing on July 2, 1987, to determine spousal support *pendente lite*, Mr. Reynolds testified that he averaged $75 per month from his part-time business. Mr. Reynolds increased his estimate to $125 per month at the hearing on the merits on February 16, 1988. At this hearing Mr. Reynolds testified that he worked an average of three to four hours on two to three days a week on his part-time business. He further testified that he charged $10 per hour for this work. This would establish that Mr. Reynolds' income from his part-time business would be $433 per month. ($10 per hour times 4 hours times 2.5 days per week times 4 1/3 weeks per month).

At the hearing Mrs. Reynolds produced evidence that would show that Mr. Reynolds' monthly income from his part-time business was more like $500 per month. (*See*

plaintiff's exhibits 10A, 10B and 10F). Furthermore, Mrs. Reynolds presented additional evidence that would indicate that Mr. Reynolds made deposits in his account in 1987 of $7,357 over and above his deposits from his primary job and income tax refund. (*See* plaintiff's exhibits 9, 9B, 9D and 10B). If all of these deposits were to be from Mr. Reynolds' part-time business, then his income would be approximately $613 per month.

Based upon the evidence which the Court has before it, the Court finds that Mr. Reynolds' monthly income from his part-time business is $550. If there is any error in this amount, it rests with Mr. Reynolds. The burden was upon him to make a full and clear disclosure of his income, and any error is a direct result of his neglect in this regard. *See Hammers v. Hammers*, 216 Va. 30 (1975).

In determining the amount of spousal support, the Court must consider the factors in § 20-107.1. In this regard the Court finds that Mrs. Reynolds is forty-eight years of age and Mr. Reynolds is forty-seven. The parties were married for twenty-eight years, and enjoyed a moderate standard of living during the marriage. It is undisputed that both parties worked during the marriage, and contributed their salaries for the use and benefit of the family.

In June, 1985, Mrs. Reynolds became disabled and had to discontinue work. She is presently receiving disability from social security. The evidence also establishes that Mrs. Reynolds has been suffering psychiatric and emotional problems related to her physical disability and the separation brought about by these proceedings.

Neither party received much formal education. Mr. Reynolds has trained himself in the field of plumbing and electricity to the extent that he enjoys a good reputation in these areas.

The evidence establishes that Mrs. Reynolds's sole source of income is her disability in the amount of $408 per month. After some reductions in retirement and health insurance payments, Mr. Reynolds' monthly income from his job with the sheriff's office will be $1610. By combining this income with the $550 from his part-time business, Mr. Reynolds will have a monthly income of $2160.

Mrs. Reynolds lists expenses at $1722 per month, (Plaintiff's Exhibit 1), while Mr. Reynolds lists his monthly expenses as $1415. (Defendant's Exhibit B). An

examination of each exhibit leaves the Court with the impression that each contains some inflated figures. After making adjustments where warranted, the Court finds the reasonable monthly expenses of Mrs. Reynolds to be $1225 and those of Mr. Reynolds to be $975.

Taking into consideration all the factors in Section 20-107.1, including those not specifically mentioned, the Court finds that reasonable spousal support would be $850 per month.

Mrs. Reynolds has requested the Court to make an award of attorney's fees. Based upon all the circumstances in this case, including what the Court believes was intransigence on the part of Mr. Reynolds, the Court awards Mrs. Reynolds $4,500 in attorney's fees.

### July 26, 1988

This matter is before the Court on Mr. Reynolds's motion to reopen the case for the production of additional evidence which is alleged to have been discovered after the hearing on February 16, 1988. The Court allowed both parties an opportunity to argue this matter by way of a conference call on this date.

As the Court indicated during this conference, the Court had arrived at its decision announced in its letter of July 5, 1988, before receiving Mr. Lawson's letter of June 28, 1988, and had not opened the envelope containing the new material. The Court had actually decided this case prior to July 5, 1988, but the opinion was retyped on July 5 due to a typographical error.

The Court is of the opinion that this case has been active for a sufficient length of time and should come to a close. The Court recognizes that Mr. Reynolds has the right to petition the Court for a reduction in spousal support due to a change in circumstances. *See* § 20-109. Therefore, his rights are not terminated by not reopening the case at this point. Accordingly, the Court denies Mr. Reynolds's motion to reopen.

The plaintiff has raised the question of when the support payments awarded by the Court in its opinion of July 5, 1988, should commence. Pursuant to *Lawrence v. Lawrence*, 212 Va. 44 (1971); and *Young v. Young*, 215 Va. 125 (1974), "the time permanent alimony shall commence is

within the sound discretion of the Court and may be made effective as of the date of the commencement of the suit." 215 Va. at 126.

In this Court's opinion this matter has been prolonged due to the fact that Mr. Reynolds has not been forthcoming concerning his income from his part-time business. The Court has discussed this in its letter of July 5, 1988. At the hearing to determine spousal support *pendente lite* on July 2, 1987, Mr. Reynolds testified his income from this source was $75 per month. The Court has now found his income from his part-time business to be $550 per month. If the Court had been aware of this in July, 1987, its decision would have been greatly affected by Mr. Reynolds's ability to pay support. Under these circumstances the Court will order the spousal support of $850 per month effective July 2, 1987.