## Salem

LAWRENCE M. WEIZENBAUM

v.

FREYA J. WEIZENBAUM

No. 0168-89-3

Decided July 1, 1991

COUNSEL

Edwin C. Stone (Stone, Hamrick, Harrison & Turk, on brief), for appellant.

David G. Weaver (S. D. Roberts Moore; Leisa K. Ciaffone; Gentry, Locke, Rakes & Moore, on brief), for appellee.

OPINION

MOON, J.—Because the statutory scheme for spousal support does not permit the court to make a partial award, we reverse the trial court's order granting "partial lump sum" alimony in the amount of $150,000 to Freya J. Weizenbaum.

In June 1982, Lawrence M. Weizenbaum, alleging constructive desertion, filed for divorce. Later, Mrs. Weizenbaum, alleging desertion, filed a cross-bill for divorce. On July 27, 1984, the trial

court granted the parties a divorce based on a one year separation. At the time of that order, the trial court denied the wife periodic spousal support, but held under advisement her motion for lump sum alimony so that the issue could be briefed. *See Thomasson v. Thomasson*, 225 Va. 394, 397 n.1, 302 S.E.2d 63, 65 n.1 (1983); *Perry v. Perry*, 202 Va. 849, 852, 120 S.E.2d 385, 387 (1961).

The trial court's order of July 27, 1984, granting the parties a divorce based on a one year separation was a final order of divorce, from which no appeal was filed within thirty days. This appeal was not filed until February 8, 1989. Thus, both parties' "assignments of error" and "cross error" alleging the failure of the court to grant a divorce on fault grounds are procedurally barred. *See Hall v. Hall*, 9 Va. App. 426, 388 S.E.2d 669 (1990).

The threshold issue addressed in this appeal concerns whether the trial court's January 26, 1989 order awarding Mrs. Weizenbaum a "partial lump sum" alimony of $150,000 constitutes an appealable order. In Code § 17-116.05(4), effective July 1, 1990, the General Assembly expanded by amendment this court's jurisdiction to appeals from interlocutory decrees "that adjudicate the principles of a cause." The appellee argues that the award of a partial lump sum of alimony was in the nature of *pendente lite* relief and "not appealable to this Court." *Dexter v. Dexter*, 7 Va. App. 36, 46, 371 S.E.2d 816, 821 (1988). However, *Dexter* was decided prior to the 1990 amendment to Code § 17-116.05, which made certain interlocutory orders appealable.

Appellee also argues that no principles of the cause were adjudicated by the January 26, 1989 decree.

> It is difficult, if not impossible, to define exactly what is meant by adjudicating the principles of the cause in such a way as fit every case; but it must mean that the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply these rules or methods to the facts of the case in order to ascertain the relative rights of the parties with regard to the subject matter of the suit.

*Lancaster v. Lancaster*, 86 Va. 201, 204-05, 9 S.E. 988, 990 (1889). In asserting that the January 26, 1989 order awarding the appellee $150,000 as a partial lump sum adjudicates no principles

of the cause, the appellee argues that all legal principles in this case have been determined and that the only matter yet to be determined is the final amount of the lump sum alimony to be paid. The trial court has determined that appellee is entitled to spousal support and presumably considered all of the factors set forth in Code § 20-107.1 in arriving at the partial award. All that is left for a final decree is a determination of appellant's income and assets from which the final amount will be determined. Presumably, if more income and assets are proven than is now known, an additional amount will be awarded. Conversely, if no further proof of assets or income is forthcoming, no further award will be made.

For the reasons that follow, we conclude that the trial court's 1989 order adjudicated "principles of a cause" within the meaning of Code § 17-116.05(4). Appellant has a judgment of $150,000 against him, which is a lien upon his property.[1] Under the terms of the decree, if appellant does not now appeal, appellee may seek to execute the judgment and appellant will have no recourse against execution. The action of the trial court created a serious, permanent consequence that cannot be remedied by waiting until a final order is entered in the case. Further orders may be based upon this decision. We hold that, under the circumstances, the order is appealable as one that adjudicates the principles of a cause. *Cf. Carson v. American Brands, Inc.*, 450 U.S. 79 (1981). Therefore, on these facts, we may adjudicate the merits of the appeal.

Appellee argues that the 1984 order, having determined that the wife was entitled to a lump sum award while leaving open the amount of the award, adjudicated the principles of a cause. Upon this premise, the appellee asserts that an appeal upon the propriety of a lump sum award was timely only if filed within thirty days of the 1984 order. We disagree. Although the 1984 order determined that the appellee was entitled to lump sum alimony, it set no amount for the award. Until appellant was actually ordered to pay a lump sum award, the 1984 order (which held open the amount of the lump sum award) was not a final appealable order within the meaning of Code § 17-116.05. The 1984 order was no more than a finding of liability in a bifurcated trial.

---

[1] In 1990 the General Assembly amended Code § 17-116.05 dealing with the Court of Appeals' jurisdiction and added appeals from a money judgment. However, the governor vetoed that section and the legislature did not reinstate it.

There was no final, appealable order until the amount of the lump sum was determined. *See Allen v. Parkey*, 154 Va. 739, 748-49, 149 S.E. 615, 619 (1929). The matter was still in the breast of the court and "subject to alteration and amendment" by the judge before entering an appealable order. *Richardson v. Gardner*, 128 Va. 676, 685, 105 S.E. 225, 228 (1920). It was clear to the parties that at the time of the 1984 order, this case had not ended. The 1984 order was not merely a decision by the trial court to allow the wife to petition later in the event circumstances changed. *See Beazley's Adm'r v. Sims' Adm'r*, 81 Va. 644 (1886). We note, however, that some orders adjudicating the principles of a cause may be appealed at the time of entry but need not be until there is a final order. *Harper v. Vaughan*, 87 Va. 426, 429, 12 S.E. 785, 786 (1891); *see also Richardson v. Gardner*, 128 Va. at 682, 105 S.E. at 227.

The appellee argues that this partial lump sum award is similar to an order of *pendente lite* support. We recognize that the Supreme Court in addressing this issue has held that an award of *pendente lite* support in an action between spouses is an interlocutory order that does not adjudicate principles of a cause and is therefore not appealable. *Beatty v. Beatty*, 105 Va. 213, 53 S.E. 2 (1906).[2] However, the award may not be sustained upon this ground as it was not determined upon criteria relevant to *pendente lite* support. The legislature has provided a statutory scheme for the support of a spouse during the pendency of a suit and thereafter. The law provides for only two types of support, either *pendente lite* pursuant to Code § 20-103 or support due a former spouse pursuant to Code § 20-107.1.

Code § 20-107.1 provides that such an award is to be made "[u]pon decreeing the dissolution of a marriage . . . . [t]he court, in its discretion, may decree that maintenance and support of a spouse be made in periodic payments, or in a lump sum award, or both." Code § 20-107.1 contains nine factors which the court must consider in awarding spousal support upon dissolution of a marriage. Code § 20-103 requires no such considerations, except that such sums awarded are "necessary for the maintenance and support of the petitioning spouse" or "to enable such spouse

---

[2] *Beatty v. Beatty* was decided under Va. Code Ann. § 3454 (1887) which governed the appellate jurisdiction of the Supreme Court. Code § 3454 parallels Code § 17-116.05 in all aspects material to this case in that it provides for appeals from interlocutory orders which adjudicate the principles of a cause.

to carry on the suit." *Pendente lite* support may be awarded irrespective of the spouse's right to receive support following the dissolution of the marriage. Spousal support awards under Code § 20-107.1 may also exceed what is "necessary" to maintain the spouse as the term is used in Code § 20-103. Thus, an award of Code § 20-107.1 spousal support made pursuant to Code § 20-103 criteria would be erroneous as would an award of Code § 20-103 *pendente lite* support based upon the criteria of Code § 20-107.1. Therefore, we reject appellee's argument that the partial lump sum award is in the nature of *pendente lite* support. Furthermore, the trial court decided before entry of the decree of 1984 that the wife would not be awarded *pendente lite* support, and that finding was not changed.

When the court awards spousal support pursuant to Code § 20-107.1, the statutory scheme contemplates that the court will enter a final order as to spousal support. A court may award *pendente lite* support during the pendency of the suit and spousal support thereafter upon dissolution of the marriage. A court can order periodic spousal support payments retroactively to the date of filing the pleading requesting such relief. *Lawrence v. Lawrence*, 212 Va. 44, 47, 181 S.E.2d 640, 642 (1971); *see also Young v. Young*, 215 Va. 125, 126, 207 S.E.2d 825, 826 (1974). The court may order a lump sum award or periodic payments or both with the right of the spouse to petition for an increase due to a change of circumstances. *Blank v. Blank*, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990). However, the court is without statutory authority to grant "partial" lump sum spousal support under Code § 20-107.1. Therefore, the award must be reversed.

Appellee argues that failure of the appellant to provide adequate discovery delayed the proceedings and necessitated the entry of this partial award. Sanctions for failure to make discovery are provided in the rules. The statutory scheme for support, we believe, is sufficient to cover the parties' situation.

We do not reach the issues of how the award was determined, and whether the trial court wrongfully considered proceeds from a spendthrift trust in making the award. To do so would be to give an advisory opinion. We refer the parties and the trial court to the guidelines contained in Code § 20-107.3.

Finally, the wife argues that the trial court should have awarded her *pendente lite* support. She requested a partial lump sum or, in the alternative, *pendente lite* support. Whether to grant *pendente lite* support lies within the sound discretion of the trial judge. Since the trial judge awarded her one of the alternatives she requested, we cannot say that it was an abuse of discretion not to award her the other alternative on the date of judgment.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Coleman, J., and Keenan, J., concurred.