COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


VANE E. McRAE

MEMORANDUM OPINION[*]
v.   Record No. 0208-96-1                    PER CURIAM
SEPTEMBER 24, 1996
HELEN A. McRAE


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Robert W. Curran, Judge

(Steven P. Frank; Romayne L. Frank, on
brief), for appellant.

(LeeAnn N. Barnes; Hall, Fox and AtLee, on
brief), for appellee.


Vane E. McRae (husband) appeals the decision of the circuit court granting Helen A. McRae (wife) a divorce.  Husband raises two issues on appeal: (1) whether the evidence supports the trial judge's finding that the parties lived separate and apart for one year; and (2) whether the trial judge erred in assessing sanctions against husband's counsel for failing to sign the decree of reference.  Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the trial judge's decision. Rule 5A:27.

### Living Separate and Apart

In husband's answer to wife's bill of complaint, husband admitted that he and wife had last cohabited as husband and wife

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

on March 19, 1994.  Husband's pleadings also alleged that wife forced him to move out of the marital home and into the garage on March 19, 1994.

The deposition testimony established that husband moved from the marital bedroom at wife's request in March 1994 and that the parties never resumed marital relations.  However, the parties continued to live at the same address until May 1995.  Husband initially slept on the sofa, then moved out of the house and into the detached garage.  Husband continued to use the bathroom and laundry facilities in the house.  Wife frequently stayed overnight at her sister's home.

"'"[M]atrimonial cohabitation" consists of more than sexual relations.  It also imports the continuing condition of living together and carrying out the mutual responsibilities of the marriage relationship.'"  Dexter v. Dexter, 7 Va. App. 36, 41, 371 S.E.2d 816, 819 (1988) (citations omitted).  The parties' pleadings and the evidence established that the parties lived separate and apart without cohabitation for the requisite period of time.  Therefore, the trial judge did not err in granting wife a divorce on the basis of the parties' one year separation.

## Sanctions

The trial judge indicated in his oral ruling that he would award wife attorney's fees for the effort necessary to compel husband's counsel to endorse the decree of reference.  Wife contends that no order on this issue was ever entered from which

an appeal may be taken.  The record supports wife's contention.
Neither an order nor the final decree contains an award of
attorney's fees.

"A court of record speaks only through its written orders."
Hill v. Hill, 227 Va. 569, 578, 318 S.E.2d 292, 297 (1984).
Because no order has been entered to give effect to the oral
ruling concerning sanctions, that issue is not reviewable.  See
Weizenbaum v. Weizenbaum, 12 Va. App. 899, 903, 407 S.E.2d 37, 39
(1991).  Therefore, we do not address this issue.

Accordingly, the decree of the circuit court granting a
divorce on the grounds the parties lived separate and apart for
one year is summarily affirmed.

Affirmed.