COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


LANDON TRACY ARCHER SUMMERS

                                          MEMORANDUM OPINION[*]
v.   Record No. 2669-97-4                      PER CURIAM
                                          NOVEMBER 10, 1998
MARCIA LEE BROWN SUMMERS


             FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Gerald Bruce Lee, Judge

             (Dr. Landon Summers, pro se, on briefs).

             (David E. Roop, Jr.; Condo & Masterman, on
             brief), for appellee.



     Landon Tracy Archer Summers (father) appeals the decision of

the circuit court awarding Marcia Lee Brown Summers (mother)

permanent custody of the parties' two children.[1]  Father contends

that the trial court erred by (1) erroneously entering a final

order for a Motion for Custody Pendente Lite prior to entry of a

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Our review of the record does not disclose any notice of
appeal filed in Chancery No. 147468, which is the case in which
the trial court issued its ruling on permanent custody.  Father
filed a separate appeal of the trial court's pendente lite
support order entered in Chancery No. 149903.  That appeal was
dismissed for lack of appellate jurisdiction.  See Summers v.
Summers, Record No. 2826-97-4 (Va. Ct. App. July 6, 1998).
Father filed an Amended Notice of Appeal on January 14, 1998,
also in Chancery No. 149903, purporting to be an appeal of the
court's final custody order of December 18, 1997.  Mother
conceded that father filed a notice of appeal of the December 18,
1997 custody order.  Therefore, under these circumstances, we do
not find that father's failure to properly caption the notice of
appeal mandates dismissal of his appeal.  See Carlton v. Paxton,
14 Va. App. 105, 109-11, 415 S.E.2d 600, 602-03, aff'd on reh'g
en banc, 15 Va. App. 265, 422 S.E.2d 423 (1992).

divorce decree; (2) failing to implement the recommendations of a custody evaluator; (3) changing joint custody to sole custody; and (4) failing to consider the best interests of the children. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

On appeal, we review the evidence in the light most favorable to mother as the prevailing party below. See Peple v. Peple, 5 Va. App. 414, 422, 364 S.E.2d 232, 237 (1988). "The trial court's decision, when based upon an ore tenus hearing, is entitled to great weight and will not be disturbed unless plainly wrong or without evidence to support it." Venable v. Venable, 2 Va. App. 178, 186, 342 S.E.2d 646, 651 (1986).

### Appealable Order

Father contends that orders entered by the trial court on October 10, 1997, November 24, 1997,[2] and December 18, 1997 were void ab initio and that there was no final appealable order. We disagree. Under Code § 17-116.05(3), the Court of Appeals has jurisdiction to hear appeals from "[a]ny final judgment, order, or decree of a circuit court involving: . . . Custody" and other domestic relations matters. An aggrieved party may also appeal "[a]ny interlocutory decree or order entered in any of the cases listed in this section . . . adjudicating the principles of a cause." Code § 17-116.05(4).

---

[2]No order in the custody case was entered on this date. An opinion letter was issued in Chancery No. 149903.

> For an interlocutory decree to adjudicate the principles of a cause, the decision must be such that "'the rules or methods by which the rights of the parties are to be finally worked out have been so far determined that it is only necessary to apply those rules or methods to the facts of the case in order to ascertain the relative rights of the parties, with regard to the subject matter of the suit.'"

Erikson v. Erikson, 19 Va. App. 389, 391, 451 S.E.2d 711, 712-13 (1994) (citations omitted).

The decree entered by the trial court on December 18, 1997 set out the court's final ruling on custody. We find that the order was an interlocutory decree which adjudicated the principles of a cause.[3] The divorce and equitable distribution proceedings continued, but the custody issues were resolved. Father noted an appeal, thereby bringing this matter before us for review. We find no merit in the errors alleged by father in connection with the trial court's entry of the permanent custody order.

## Custody Evaluator

The trial court is not required to adopt recommendations made by an expert witness. "It is well established that the trier of fact ascertains [an expert] witness' credibility,

---

[3]A pendente lite order is a holding action pending final decision in the case. See Weizenbaum v. Weizenbaum, 12 Va. App. 899, 903, 407 S.E.2d 37, 39-40 (1991). Pendente lite orders are not appealable. See id. In contrast, the trial court explicitly noted that the custody order now appealed was its final decision on custody. Therefore, because this order fully determined the custody issues, it adjudicated the principles of a cause and was an appealable order. See Code § 17-116.05(4).

determines the weight to be given to their testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 387, 488 S.E.2d 665, 668 (1997) (en banc) (citation omitted). "[T]he fact finder is not required to accept the testimony of an expert witness merely because he or she has qualified as an expert. In determining the weight to be given the testimony of an expert witness, the fact finder may consider the basis for the expert's opinion." Id. at 387, 488 S.E.2d at 668-69.

The trial court's decision was supported by substantial evidence presented during three days of testimony, including that elicited during the cross-examination of the custody evaluator.

Specifically, the trial court noted that

> Dr. Schutz's judgment of a joint custody arrangement has been tried out, and it is important to me to describe to you what joint custody means. 20-124.1 of the Code says that joint custody means where both parents retain joint responsibility for the care and control of a child, and joint authority to make decisions concerning the child, even though the child's primary residence may be with only one parent. . . . It is self-evident that a key component of joint custody is communication and cooperation, and mutuality, and purpose. It is fair to say that in this case that joint custody has failed.

Because the trial court's decision is fully supported by the evidence, we find no error in the trial court's decision not to follow the recommendation of the custody evaluator.

### Award of Sole Custody

Father also contends that the trial court erred when it awarded mother sole custody with visitation to father rather than continuing joint custody.  The record amply demonstrates that these parties were unable to communicate or otherwise cooperate in raising their two young children.  Testimony from numerous witnesses, including the custody evaluator, documented the confusion caused by the parents' battles to control the children's schooling, toilet training, and daily care.[4]  We find the trial court's decision to award sole custody to mother, rather than continuing the unsuccessful attempt at joint custody, amply supported by the evidence.

### Best Interests of the Children

"'In determining custody, the court shall give primary consideration to the best interests of the child.'"  Sargent v. Sargent, 20 Va. App. 694, 701, 460 S.E.2d 596, 599 (1995) (quoting Code § 20-124.2).  The record demonstrates that the trial court's decision rested on its evaluation and consideration of the best interests of the parties' young children.  In addition, the trial court specifically addressed the best interests of the children in its detailed opinion letter denying father's motion for reconsideration.  The evidence supports the trial court's conclusions, and it is clear that the decision was

---

[4]While this Court is not a fact finder, we need look no further than the multiple motions, replies, and supplemental replies filed by the parties in connection with this appeal to be convinced that the trial court properly noted that "[t]hese parents cannot agree on the time of day."

made with the best interests of the children as the foremost concern.  Father has not demonstrated error.

Accordingly, the decision of the circuit court is summarily affirmed.[5]

<u>Affirmed.</u>

---

[5]Both parties have filed numerous motions with this Court. We deny father's motion for leave to proceed with mediation, motion for leave to file a supplemental brief, motion to stay divorce proceedings, and motion to stay enrollment of the parties' son.  We deny mother's motion to strike, except as the issues raised are addressed in this opinion.