COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Elder and Senior Judge Overton


SONYA P. BRUNDIDGE
                                    MEMORANDUM OPINION*
v.   Record Nos. 1457-00-1 and           PER CURIAM
                 1830-00-1          JANUARY 30, 2001

LAWRENCE A. BRUNDIDGE


              FROM THE CIRCUIT COURT OF YORK COUNTY
                   Prentis Smiley, Jr., Judge

          (Sonya P. Brundidge, on briefs), pro se.

          (Roy H. Lasris; Lasris & Vannan, P.C., on
          brief), for appellee.


     In Record No. 1457-00-1, Sonya P. Brundidge, wife, appeals an

equitable distribution award of the trial court.  She contends the

trial court erred by:  (1) including the Langley Federal Credit

Union checking account as marital property, valuing it at

pre-separation amounts, and accepting Lawrence A. Brundidge's

(husband's) evidence for these amounts; (2) "not attributing the

correct amounts for property during the equitable distribution

hearing"; and (3) finding that the pilot bonus annuity could not

be included in property for equitable distribution, then including

it as part of husband's income for support calculation purposes.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

In Record No. 1830-00-1, wife appeals an order of the trial court concerning child and spousal support.  On appeal, she argues the trial court erred in:  (4) finding that the pilot bonus annuity was included as part of husband's income, but not providing "a specific timeframe for said amount to be paid until a certain dollar figure was realized"; (5) attributing the pilot annuity as income, "yet there is no reflection of that attribution"; (6) decreasing wife's support payments although husband's income increased; (7) not requiring husband to pay support payments in arrears; (8) not allowing wife to have a payroll deduction order effectuated through the military pay center; (9) not giving wife the opportunity to note her objections on orders before they were signed by the trial court; (10) not addressing child custody in the final decree or post-decree orders; (11) awarding husband attorney's fees; (12) not making wife designated beneficiary of the military Survivor Benefit Plan and not giving her the opportunity to maintain the policy; (13) accepting post-decree amendments without notice or evidence to "confirm calculations"; (14) not ordering husband to maintain a life insurance policy for the children and to maintain the children as beneficiaries; (15) not ordering husband to pay uninsured medical and dental expenses for the children that exceed $100 per year; and (16) giving husband every Christmas holiday with the children.  Upon reviewing the record and briefs of the parties, we conclude that these arguments are without merit.

-

Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

"Under familiar principles, we view the evidence and all reasonable inferences in the light most favorable to the prevailing party below . . . ." Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).

> "The burden is on the party who alleges reversible error to show by the record that reversal is the remedy to which he is entitled." We are not the fact-finders and an appeal should not be resolved on the basis of our supposition that one set of facts is more probable than another.

Id. (citations omitted).

## BACKGROUND

The parties were married in 1988 and separated in 1998. The parties have three children. The trial court ordered an equal division of the marital property based on husband's request. However, the trial court found that an overall analysis of the factors favored husband. The trial court awarded custody of the children to wife with visitation to husband. In addition, the trial court awarded wife monthly child support and spousal support. More detailed facts are recited where the specific issues are addressed in this opinion.

## RECORD NO. 1457-00-1

### I.

Wife contends the trial court erred by including the Langley Federal Credit Union checking account as property for equitable

-

distribution and valuing this account at pre-separation amounts. She also asserts that the trial court erred in accepting husband's testimony concerning the amount of money in the account. However, the trial judge's notes indicate that at the April 13, 2000 hearing, the parties agreed wife withdrew $7,000 from this account prior to the parties' separation and in anticipation of the parties' separation. Husband later withdrew the remaining $3,650 after the parties separated. Thus, contrary to wife's assertion, the record does not indicate that the trial court accepted only husband's evidence as to the value of the account. Rather, the parties agreed to the amount of money in the account.

Furthermore, wife admits in her objections to the equitable distribution order that the account was a "common checking account" used to pay for "living expenses" and "bills." The record contains no evidence that the account was the separate property of either party. Therefore, the money in the account was properly classified as marital property to be distributed as part of the equitable distribution award. Property is presumed to be marital if it was "acquired by either spouse during the marriage, and before the last separation of the parties," unless evidence proves that the property is separate. Code § 20-107.3(A)(2).

Furthermore, "waste" is defined as the "dissipation of marital funds in anticipation of divorce or separation for a purpose unrelated to the marriage and in derogation of the marital relationship at a time when the marriage is in jeopardy." Booth

-

v. Booth, 7 Va. App. 22, 27, 371 S.E.2d 569, 572 (1988).  "Once the aggrieved spouse shows that marital funds were either withdrawn or used after the breakdown, the burden rests with the party charged with dissipation to prove that the money was spent for a proper purpose."  Clements v. Clements, 10 Va. App. 580, 586, 397 S.E.2d 257, 261 (1990).  "When waste has occurred, the court must include the wasted assets as marital property and must consider the waste as a factor in determining the monetary award."  Booth, 7 Va. App. at 28-29, 371 S.E.2d at 573.  Expenditures for living expenses and counsel fees in the divorce do not constitute waste.  Id. at 28, 371 S.E.2d at 573.  The record indicates that wife failed to prove she used the $7,000 for living expenses.  Accordingly, the trial court did not err in including the $7,000 in the equitable distribution award.

In addition, the record contains no evidence from wife concerning what she claims the value of the account was at the time of the evidentiary hearing.  The only evidence presented to the trial court was that wife withdrew $7,000 from the joint account prior to the parties' separation and that husband later withdrew the remaining $3,650 and closed the account.  Based on this record, we cannot say the trial court abused its discretion in choosing a valuation date other than the date of the evidentiary hearing.  See Code § 20-107.3(A).

-

II.

Wife contends the trial court erred in "not attributing the correct amounts for property" during the equitable distribution hearing. In her argument, wife states, "This [equitable distribution] order had inaccurate amounts attributed to various investment accounts." However, wife fails to specify the "investment accounts" to which she is referring. "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention [nor] correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).

Wife also asserts that, for "further clarification," the final equitable distribution order "should state that [wife] is awarded her USAA IRA account and [husband] is awarded his USAA IRA account." Upon our review of the final equitable distribution order, we find that the order clearly specifies that wife was awarded her USAA IRA account and husband was awarded his USAA IRA account. Accordingly, wife's argument is without merit.

III.

Wife argues that the trial court erred in ruling that the pilot bonus annuity could not be included as property for equitable distribution, then adding the pilot annuity as part of husband's income for support calculation purposes. However, the record does not indicate that wife argued to the trial court that

-

the pilot bonus should be part of the equitable distribution award.

The record contains no transcripts and no written statement of facts. Indeed, the trial court rejected wife's proposed written statement of facts, finding that it was inaccurate and contained descriptions of events that occurred outside of the courtroom. As appellant, wife had the burden of providing a record which substantiates her claims of error. See Jenkins v. Winchester Dep't of Soc. Servs., 12 Va. App. 1178, 1185, 409 S.E.2d 16, 20 (1991). We are unable to determine from this record the arguments made by wife and the trial court's rulings concerning whether the pilot bonus annuities should be part of the equitable distribution award.

> [O]n appeal the judgment of the lower court
> is presumed to be correct and the burden is
> on the appellant to present to us a
> sufficient record from which we can
> determine whether the lower court has erred
> in the respect complained of.

Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).

Furthermore, the trial court correctly ruled that the pilot bonuses were a part of husband's gross income for purposes of calculating support awards. In computing a party's gross income for child support purposes, Code § 20-108.2(C) requires the inclusion of "all income from all sources." Such income "shall

-

include, but not be limited to, income from salaries, wages, commissions, [and] bonuses . . . ." Code § 20-108.2(C).

Wife appears to make an argument concerning calculation errors related to the bonuses. However, she points to no specific errors of the trial court, she advances no argument in support of her contention, and she cites no legal authority for her contention. Therefore, we will not address this argument. See Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

### RECORD NO. 1830-00-1

### IV. and V.

Wife argues the trial court erred in attributing the pilot bonus annuity as part of husband's gross income, yet "no attribution was made and no timeframe was given for this amount to be paid until a certain dollar amount was realized." As addressed above, the trial court correctly attributed the pilot bonus as part of husband's gross income. Furthermore, by order entered on August 23, 2000, the trial court included in husband's gross income calculation the $6,640 pilot bonus husband received on September 1, 1999. The trial court then recalculated husband's spousal and child support obligations, prospectively and retroactively to July 1, 2000. The evidence included only the amount of husband's 1999 pilot bonus. The trial court could not speculate as to the amount of future bonuses husband may receive, if any. Accordingly, the trial court properly included the 1999 pilot bonus in husband's gross income calculation.

-

VI.

Wife contends the trial court erred in decreasing the amount of support she receives because husband did not request a decrease and because the trial court lacked jurisdiction to modify the awards. Wife appears to be arguing that the trial court erred in making permanent spousal and child support awards in amounts that were less than the amounts awarded to her in prior pendente lite support orders.

The record indicates that on January 7, 2000, the trial court awarded wife $1,425 per month in child support. The monthly spousal support award in the order was $1,548 per month. The final divorce decree entered on April 18, 2000 reserved jurisdiction to make further determinations as to child and spousal support. By order entered on July 12, 2000, the trial court awarded wife $1,131 per month in periodic child support and $1,150 per month in periodic spousal support. However, on August 23, 2000, the trial court entered an amended order to correct clerical errors in the permanent child support award. In this order, the trial court awarded wife $1,248 per month in periodic child support.

Although the permanent periodic support awards were less than the support amounts awarded in the January 7, 2000 pendente lite court order, permanent support is separate and distinct from pendente lite support. See Weizenbaum v. Weizenbaum, 12 Va. App. 899, 903-04, 407 S.E.2d 37, 39-40 (1991). Factors which the court

-

must consider prior to an award of permanent support are not required to be considered before an award of pendente lite support. Cf. Code §§ 20-107.1 and 20-103. The record indicates the trial court considered all of the factors required under Code §§ 20-107.1 and 20-108.1 concerning the support awards. Accordingly, we reject wife's argument that the trial court erred in determining the amount of the support awards.

Furthermore, the record does not indicate wife argued to the trial court that it lacked jurisdiction to make the permanent support awards. See Rule 5A:18.

## VII.

Wife makes no argument for this issue. Thus, we will not address it. Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

## VIII.

Wife argues the trial court erred in not allowing her to receive support through payroll deduction from the military payment center. Code § 20-79.1 provides that the trial court has discretion whether to require an involuntary payroll deduction for support payments. Furthermore, Code § 20-79.1 provides circumstances under which the trial court shall order such income deductions. None of these circumstances apply here. Accordingly, based on this record, we find that the trial court did not abuse its discretion in refusing to require husband to pay support through a mandatory payroll deduction.

-

IX.

Wife argues the trial court erred in not allowing her the opportunity to note her objections on court orders before the trial court signed them. However, the record is replete with wife's objections to the trial court's orders. Wife either noted her objections in writing on the court's orders, or she filed separate documents with the court noting her objections. Therefore, we find wife was not denied the opportunity to object to any of the trial court's orders.

Wife also contends she was not given the opportunity to object to the final decree in this case. However, the record indicates otherwise. The final divorce decree, entered on April 18, 2000, contains handwritten comments by wife regarding items she wanted added to the decree. In addition, wife filed a separate document entitled Motion Concerning Final Decree in which she raised numerous concerns and objections regarding the final divorce decree. Accordingly, we find that the trial court did not deny wife the opportunity to voice her objections.

X.

Wife argues the trial court erred in not addressing child custody in the final decree or post-decree order. In the final divorce decree, entered on April 18, 2000, the trial court ordered that all prior orders of the court remain in effect until modified, and the trial court specifically reserved jurisdiction to make further determinations related to child custody. The

-

trial court had previously entered a pendente lite order addressing child custody issues. On July 12, 2000, the trial court entered the Spousal and Child Support Order and Attorney's Fees Order, again addressing child custody matters. The July 12, 2000 court order provided for the maintenance, support, care and custody of the children pursuant to Code § 20-79. Because the child custody issues were addressed in this order, and because the final divorce decree had specifically reserved jurisdiction to address these issues at a later date, we find no error. "A court speaks . . . through its orders." Cunningham v. Smith, 205 Va. 205, 208, 135 S.E.2d 770, 773 (1964). It is not necessary to repeatedly address all the issues in a case in every order entered in the case.

XI.

Wife contends the trial court abused its discretion in ordering her to pay $7,000 in husband's attorney's fees.

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion. The key to a proper award of counsel fees is reasonableness under all the circumstances." Brooks v. Brooks, 27 Va. App. 314, 319, 498 S.E.2d 461, 463-64 (1998) (citations omitted).

On April 3, 2000, the trial court entered an order finding wife in contempt of court for intentionally frustrating husband's contact with the children and for denying him visitation ordered

-

by the trial court.  The trial court ordered wife to spend thirty minutes in jail, and it suspended wife's spousal support until further order of the court.  The record also indicates wife failed to timely comply with discovery orders.  Therefore, based on the issues involved and wife's conduct during the proceedings, the award was reasonable, and the trial court did not abuse its discretion in making the award.

Wife also argues in her brief that the trial court lacked jurisdiction to award attorney's fees pursuant to Rule 1:1.  On the contrary, the record shows that the trial court retained jurisdiction over the case at the time it entered the award of fees.

## XII.

Wife contends the trial court erred in not making her the beneficiary of husband's military survivor benefit plan.  Under Code § 20-107.3(G)(2), the trial court may order that a spouse be designated as irrevocable beneficiary of a survivor benefit plan. Therefore, the trial court has discretion in deciding whether to order the designation of wife as an irrevocable beneficiary. Based on this record and the facts of this case, no evidence supports a finding that the trial court abused its discretion in refusing to order husband to designate wife as an irrevocable beneficiary.

XIII.

Wife contends the trial court erred in signing the August 23, 2000 amended post-decree order "without having the proper evidentiary documents to confirm calculations."  In her argument, wife asserts that the trial court violated Rule 1:1 when it entered the order more than twenty-one days after the entry of the July 12, 2000 order.

The August 23, 2000 order is entitled, "Amended Order On Post Decree Motions to Correct Clerical Errors."  This order corrects clerical errors contained in the July 28, 2000 court order related to monthly spousal and child support payments.

Code § 8.01-428(B) provides:

> <u>Clerical Mistakes</u>.--Clerical mistakes in all judgments or other parts of the record and errors therein arising from oversight or from an inadvertent omission may be corrected by the court at any time on its own initiative or upon the motion of any party and after such notice, as the court may order.

On this record, we cannot say the trial court erred in amending the July 28, 2000 order.  Moreover, we note that the clerical corrections were beneficial to wife.

XIV.

Wife argues the trial court erred in failing to order husband to maintain an existing life insurance policy for his children and to name them as beneficiaries.  Code § 20-108.1(D) provides that the trial court:

-

shall have the authority to order a party to (i) maintain any existing life insurance policy on the life of either party provided the party so ordered has the right to designate a beneficiary and (ii) designate a child or children of the parties as the beneficiary of all or a portion of such life insurance . . . .

On this record, we find that the trial court acted within its statutory authority based upon the evidence presented.

## XV.

Wife argues the trial court erred in not ordering husband to pay for uninsured medical and dental expenses for the children that exceed $100 per year.  As wife correctly states, the pendente lite order provided that husband was to pay one hundred percent of any uninsured medical and dental bills for the children.  Although the final Spousal and Child Support Order did not address uninsured medical and dental bills, the order states that "all previous orders regarding the support, [and] care" of the children "are continued in full force and effect," with the exception of child support payments.  Accordingly, husband is required to pay the uninsured medical and dental expenses of the children.  Therefore, wife's argument is without merit.

## XVI.

Wife argues the trial court erred in awarding a visitation schedule in which husband spends the Christmas holiday with the children.  She contends the trial court's order bars her from sharing the holiday with her children.

-

Determination of visitation rights is a matter of judicial discretion.  See Eichelberger v. Eichelberger, 2 Va. App. 409, 412, 345 S.E.2d 10, 11 (1986).  We will not set aside the trial court's decision on visitation unless plainly wrong or without evidence to support it.  Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).

The trial court awarded wife sole custody of the children.  The trial court entered a pendente lite order allowing husband "reasonable visitation" with the children.  By order entered on January 7, 2000, the trial court found that wife committed acts "specifically designed to frustrate the pendente lite order" and "deliberately and intentionally aimed at denying" husband contact with his children.  The trial court then ordered the visitation schedule that provided husband would have visitation with the children from "Christmas Day at 12:00 noon and ending on New Year's Day at 12:00 noon."  The order clearly provides that wife will spend Christmas Day with the children until 12:00 noon.  Therefore, she is not denied the opportunity to spend the Christmas holiday with the children.  Furthermore, under these circumstances, we cannot say the trial court abused its discretion in ordering the visitation schedule.

Accordingly, the decision of the trial court is summarily affirmed.

Affirmed.

-