COURT OF APPEALS OF VIRGINIA


Present:    Judges Kelsey, Petty and Senior Judge Bumgardner


CAROLE TRESE SWANSON

                                                            MEMORANDUM OPINION[*]
v.      Record No. 2211-11-2                                      PER CURIAM
                                                              JUNE 12, 2012
JEFFREY LEE TAYLOR


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                          Herbert C. Gill, Jr., Judge

            (Carole Trese Swanson, *pro se*, on brief).

            (S. Virginia Bondurant; Thomas O. Bondurant, Jr.; Goodman, Allen
            & Filetti, P.L.L.C., on brief), for appellee.


        Carole Trese Swanson appeals a spousal support order.  Swanson submits the following

"Statement of the Questions/Issues":

        1.  The Spousal Support should be retroactive to the date I
        [Swanson] filed on August 24, 2010 at the Juvenile and Domestic
        Relations Court.

        2.  Judge Gill omitted my medical, dental, & vision coverage in his
        ruling on my Spousal Support.

        3.  Judge Gill is in error basing his $500/month Spousal Support
        for a healthy person of which I am NOT!  I am disabled.

        4.  Judge Gill has abused his discretion in giving such a pittance in
        Spousal Support at $500/month.

        5.  Judge Gill omitted from his ruling that the Spousal Support
        payment would be through an income deduction from his
        [Taylor's] employer at King's Dominion.

───────────────────────

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.[1]

Rule 5A:20(b) states that an opening brief shall include a "brief statement of the nature of the case and of the material proceedings in the trial court, which shall omit references to any paper filed or action taken that does not relate to the assignments of error." Appellant's "Statement of the Case" is nine pages long and contains argument and her version of the facts, as opposed to the "material proceedings in the trial court." Id.

Effective July 1, 2010, Rule 5A:20(c) was revised to state that appellant's opening brief shall contain a "statement of the assignments of error with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each assignment of error was preserved in the trial court." Swanson did not include any assignments of error. Pursuant to the revised rules, this Court considers only assignments of error and, as such, will not consider the five issues listed as "Statement of the Questions/Issues." Swanson also does not provide a "clear and exact reference" to where the issues were preserved. Id.

Rule 5A:20(d) requires a "clear and concise statement of the facts that relate to the assignments of error, with references to the pages of the transcript, written statement, record, or appendix. . . . When the facts are in dispute, the brief shall so state." Swanson includes her version of the facts and does not indicate which facts are in dispute. Aside from two references to the appendix, she does not include references to the appendix or record.[2]

---

[1] Appellant has filed motions to reconsider the denial of an extension of time (a) to file a replacement opening brief and (b) to file a reply brief. We deny these motions.

[2] Swanson did not provide a transcript of the hearing in the trial court, nor did she include a written statement of facts in her appendix. Taylor argues that the statement of facts does not comply with Rule 5A:8. Considering Swanson's numerous procedural deficiencies, we need not address Taylor's argument regarding the statement of facts. We deny Taylor's motion to dismiss.

Rule 5A:20(e) mandates that appellant's opening brief include "[t]he standard of review and the argument (including principles of law and authorities) relating to each assignment of error." Swanson did not comply with Rule 5A:20(e) because her opening brief does not contain the standard of review, nor does it contain principles of law, or citation to legal authorities, or the record to fully develop her arguments.[3]

Swanson has the burden of showing that reversible error was committed. See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992). Unsupported assertions of error "do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Id. Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*). "Even pro se litigants must comply with the rules of court." Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999).

Swanson was notified of the deficiencies in her brief. This Court gave her two extensions of time to file a replacement brief, but she did not do so.

We find that Swanson's failure to comply with the Rules is significant, so we will not consider her arguments on appeal. Jay v. Commonwealth, 275 Va. 510, 520, 659 S.E.2d 311, 317 (2008); see also Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If

---

[3] Swanson cites two cases to support her argument that the spousal support should have commenced on August 24, 2010, as opposed to August 1, 2011. We note, however, that the Supreme Court and this Court have repeatedly held "that the time permanent [spousal support] shall commence is within the sound discretion of the court and *may* be made effective as of the date of the commencement of the suit." Lawrence v. Lawrence, 212 Va. 44, 47, 181 S.E.2d 640, 642 (1971) (emphasis added); see also Young v. Young, 215 Va. 125, 126, 207 S.E.2d 825, 825 (1974) (per curiam); Konefal v. Konefal, 18 Va. App. 612, 614, 446 S.E.2d 153, 154 (1994); Weizenbaum v. Weizenbaum, 12 Va. App. 899, 904, 407 S.E.2d 37, 40 (1991).

the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

For the foregoing reasons, the trial court's ruling is summarily affirmed.  Rule 5A:27.

Affirmed.